The Chicago and Alton Railway Company

*v.*

William T. Walters.

*Opinion filed October 24, 1905.*

1. Evidence—*when refusal to permit a question on cross-examination will not reverse.* Refusal to allow a brakeman, whose hand was crushed while attempting to open a Janney coupler on a caboose, to answer the question whether he signaled the engineer, who was entirely under the brakeman's control at the time, to stop or go slower when he found that he must open the coupler with his hand, is error, but is harmless where the fact that he did not do so is shown by other evidence and is not controverted.

2. Same—*when an erroneous ruling is not ground for reversal.* Error in not sustaining an objection to a question calling for a mere conclusion by the witness as to an ultimate fact which the jury was empaneled to try is not ground for reversal, where the witness, in answering the question, did not give his conclusion, but only stated facts which were proper for the consideration of the jury in deciding the issue.

3. Railroads—*notice of defect need not necessarily be given to the official designated by rules.* The duty of a railroad company to make proper inspection and repairs on its cars is a positive one, and it is not essential, in order to charge the company with notice of a defective car, that notice of its defective condition be given to the particular official designated by its rules.

4. Same—*when the question of a brakeman's negligence is for the jury.* The fact that a brakeman who, in making a coupling, is confronted with a situation which he had no reason to anticipate and which required immediate action might have adopted a safer course than the one he chose does not make the question whether his act was negligent one of law for the court, where there is evidence tending to show that he had reasonable ground to believe he had time to safely pursue the course chosen by him.

5. Instructions—*when giving improper instructions will not reverse.* Giving instructions stating rules of law applicable in case the defect which caused the plaintiff's injury was not discoverable by the use of ordinary care will not work reversal, even though erroneous as without basis in the evidence, where the plaintiff's own testimony, which was uncontradicted, was that he knew of the defect and its effect upon the appliance, before the injury occurred.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.

DeMange & Hoblit, (F. S. Winston, of counsel,) for appellant.

Louis FitzHenry, and Barry & Morrissey, for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Appellee recovered a judgment in the circuit court of McLean county against appellant for $4000 damages for the loss of a hand while coupling cars as a brakeman. The Appellate Court for the Third District affirmed the judgment.

Appellant complains of alleged erroneous rulings of the trial court on the admission of evidence, the refusal to direct a verdict of not guilty at the close of all the evidence, the giving of instructions requested by appellee and the refusal of instructions asked by appellant.

The grounds of liability alleged in the declaration were, first, that the defendant, being engaged in inter-State traffic, failed to equip a certain caboose with an automatic coupler which would couple it automatically by impact with other cars, as required by the act of Congress; and second, that having attempted to equip the caboose with an automatic coupler the defendant permitted it to be and remain in a dangerous and unsafe condition, which was known to the defendant and unknown to plaintiff, and thereby his hand was crushed between the draw-bars of the engine and caboose while attempting to couple them together in the exercise of ordinary care for his own safety.

Plaintiff was a freight brakeman for defendant and was called out at Brighton Park on the night of January 3, 1903,

to assist in taking a train to Bloomington. He went to the engine house and got the engine and started with it to couple on the caboose. He had entire control of the engine, which was moved by the engineer in accordance with his signals. The engine and caboose were both equipped with Janney couplers, which would couple automatically by impact, provided the knuckle on either coupler was open, but would not couple in that way unless one or the other was open. When closed the knuckle was kept closed by an iron lock-pin inserted through it. The knuckle was to be opened by hand, and in order to open it the lock-pin must be lifted out of the coupling. There was a device for lifting the lock-pin from the side of the caboose without going between the cars, consisting of a lifting lever extending horizontally above the floor to the outside of the caboose, where it turned at a right angle to form a crank or handle, but there was no device or appliance for opening the knuckle. It was the duty of the plaintiff to see that the knuckle upon the engine or caboose was open when they came together, and on this occasion they were both closed. In the ordinary use of the coupling he would lift the pin out by means of the lever from the side of the caboose and then open the knuckle with his hand. It was about midnight, and plaintiff stood upon the foot-board of the tender and signaled the engineer to back the locomotive slowly toward the caboose. It was dark and plaintiff had a lantern to enable him to see. He attempted to open the knuckle of the coupler on the engine, but the water had splashed upon it and frozen it fast. The engine was backing very slowly,—not faster than a man would ordinarily walk, and in the judgment of the engineer not more than one mile an hour. Plaintiff finding he could not open the knuckle on the engine, jumped off and ran ahead to open the knuckle on the caboose. He tried to work the lever and raise the pin, but the lever was bent so as to strike the brakerod, and he was unable to lift the pin sufficiently to allow the knuckle to open. The lever had been bent and unfit for use

for about two weeks, and its condition had been reported to a car repairer at Bloomington three or four days before the accident. Plaintiff being unable to raise the pin with the lever, reached in with his left hand to the coupler and lifted the pin and at the same time opened the knuckle with his right hand, when the couplers came together and his hand was crushed.

In entering the employ of defendant, plaintiff, by his written application, agreed to study the rules of the company and obey them, and stated that he understood in coupling cars the rules required him to use a coupling stick. The rules printed in the time-card in force strictly prohibited coupling by hand in all cases where a stick could be used in guiding the link or shackle, and all brakemen were required to provide themselves with a stick for that purpose, and the rules stated that going between the cars while in motion was a violation of duty.

Plaintiff, in his testimony, narrated the circumstances of the accident substantially as above stated, which was all the evidence on the subject. On his cross-examination he was asked whether, when he found he could not open the knuckle on the engine, he gave the engineer any signal to go slower or stop. The court sustained an objection to the question, and therein erred. Plaintiff testified that he had entire control of the movements of the engine, and the question was legitimate·and proper cross-examination. It was pertinent for the purpose of showing to the jury that the injury to the plaintiff resulted from his own failure to signal the engineer to go slower or stop until the coupler was prepared for the coupling. The other evidence, however, showed that plaintiff gave no signal to the engineer, but permitted the engine, which was under his control, to move forward toward the caboose until the accident occurred, and the fact was not controverted. The ruling, although erroneous, did no harm.

On the cross-examination of a witness for the plaintiff he was asked whether a coupler in which the lever would not

lift the pin out of the coupling would couple automatically by impact. The court overruled an objection of defendant to the question. The objection should have been sustained for the reason that the question called for a conclusion by the witness as to the ultimate fact which the jury were empaneled to try and which was in issue under the first count of the declaration. The ruling, although wrong, is not ground for reversal for the reason that the witness did not undertake to answer the question and give his conclusion, but merely stated in his answer facts which were proper to go to the jury to enable them to decide the issue.

At the close of the evidence the defendant asked the court to direct a verdict of not guilty, and the court denied the motion. It is insisted that the court erred, for the reason that there was no evidence fairly tending to sustain plaintiff's averment that he was in the exercise of ordinary care for his own safety, and that the evidence clearly showed that the accident happened by reason of his negligence. There was evidence tending to show that the caboose was used in inter-State traffic. The coupler was one that would couple cars automatically by impact if the coupler on one or the other of the cars was prepared for coupling by raising the lock-pin out of the coupling by means of the lever and opening the knuckle by hand. This might be done while the cars were standing still or before they were brought together, but there was evidence tending to prove that in the ordinary operation of switching and coupling cars together there was a necessity to go between the ends of the cars to open the knuckle. A brakeman could prepare one or the other of the couplers by opening the knuckle and then be out of the way when they came together, but in our opinion the trial court would not have been justified in directing a verdict on the ground that the coupler was, as a matter of law, one that would couple automatically by impact. Whether that is so or not, the lifting lever by which the pin was raised from the outside of the car was out of repair and had been for two weeks, and the

defendant had disregarded its duty to the plaintiff in respect to it. It is said that the defendant had no actual notice of the condition of the lever because notice was given to one of the car repairers at Bloomington, while the rules required that notice be given to an official or employee mentioned in such rules. The court so instructed the jury, but the instruction should not have been given. The lever had been out of condition for two weeks, and it was not necessary that notice of its condition should be given to some particular official. It was the duty of the defendant to make proper inspection and repair, and this duty was a positive one owing by the defendant to the plaintiff. It made no difference by whom or by what method defendant provided in its rules for the performance of its duty, and there was no room for doubt that it had been derelict. The serious controverted question in the case was whether the accident was due to negligence on the part of plaintiff. The approaching locomotive was under his control and he gave the engineer no other signal than the one to back slowly. His act was a dangerous one, which might have been performed by a safe method by stopping the engine until the knuckle was opened. He had full knowledge of the condition of the lever and knew the rate of speed at which the engine was backing under his direction. On the other hand, there was evidence proper to be considered by the jury tending to show that the plaintiff had reasonable ground to believe that he had time to raise the pin and open the knuckle in safety. It was in the night time, and he knew nothing about the condition of the lever until he attempted to use it. He was then confronted with a situation which he had no reason to anticipate, and there was not much time for reflection and deliberation. Immediate action was required, and while he undoubtedly might have adopted a different and safe course in making the coupling, the question whether a brakeman of ordinary care and prudence would have done as he did was, in our opinion, proper to be submitted to the jury under all the evidence. Whether the

verdict of the jury was sustained by a preponderance of the evidence was a question for the trial court on a motion for a new trial and for the Appellate Court on appeal. The question on which side the preponderance of the evidence was, could not properly be determined by the court on a motion to direct a verdict.

The court gave at the instance of the plaintiff instructions numbered 1 and 6. In the first of these instructions the jury were told that if the condition of the coupling apparatus, and the effect thereof, were not discoverable by the use of ordinary care, the plaintiff could not be held to have assumed the risk of the defective condition; and by the sixth they were told that if the apparatus was out of repair and its effect on the lever and knuckle was not discoverable by ordinary care, the rule of defendant requiring the examination of machinery, cars, etc., by employees would have no application to the case. The instructions were not based on any evidence or fitted to the facts of the case. Plaintiff testified that he discovered the condition of the lifting rod and its effect upon the apparatus and the lifting of the lock-pin, both by sight and his attempt to use it before the accident happened. The question what the law would be if the case had been different and the defect had not been discoverable by the use of ordinary care was entirely foreign to the case and could not aid the jury in deciding it. The only object of instructions is to enable the jury to apply the law to the evidence, and the practice of advising them as to what the law would be in some other case or applied to some other state of facts is bad. We cannot see, however, that the giving of these instructions worked any injury to the defendant, for the reason that there was no contradiction of plaintiff's evidence that he knew exactly what the condition of the lever was and what the effect of such condition upon the apparatus was. The jury could not possibly have concluded that plaintiff did not discover the condition of the lever and its effect, and could not have applied the rules given by the court applicable to such facts.

The court refused several instructions asked by the defendant, but it is not necessary to repeat them. Everything contained in them which was correct as a proposition of law was contained in other instructions which were given.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*