FLETCHER, Respondent, v. SOUTH DAKOTA CENTRAL RAILROAD COMPANY, et al., Appellants.

(155 N. W. 3.)

(File No. 3814.    Opinion filed December 1, 1915.)

1. **Master and Servant—Negligence—Federal Safety Appliance Act—Injury to Servant—Automatic Coupler, Evidence of Insufficiency of.**

Evidence that a brakeman engaged in interstate commerce made several efforts to work an automatic car coupler in a manner contemplated by the federal Safety Appliance Act (Act March 2, 1893, Ch. 196, 27 St. 531), requiring railroads to equip all cars used in interstate commerce with automatic couplers which can be uncoupled without the necessity of a man going between the cars, and that the coupler failed to work, was sufficient to support a finding that the railroad had not complied with the provisions of the act.

2. **Master and Servant—Federal Employers Liability Act—Injury to Servant—Violation of Act—Contributory Negligence—"Contribute"—"Cause"—"Occasion."**

Under federal Employers Liability Act (Act April 22, 1908, Ch. 149, 35 St. 65), declaring that no employee engaged in interstate commerce who may be injured or killed shall be held guilty of contributory negligence where the violation by the railroad company of any statute for the safety of employees contributed to the injury, held, that the negligent acts which are forbidden to be urged as a defense are those which merely contribute to the result and if the employee's act is the sole cause of the result, it is not contributory. Held, further that the violation of said statute by the railroad, which is therein contemplated as contributory, must be one of the causes which produced the injury; the word "contribute," when used in such statute, meaning to have a share in the effect; and negligence of plaintiff cannot merely contribute to an injury unless there

be negligence of defendant also contributing thereto; there being a distinction between the "cause" of an act and the "occasion" of an act, the latter being that which incidently brings to pass an event without being its efficient cause; therefore, where the employee's negligence was the sole cause of the injury, he cannot recover, while if it merely contributed, he may recover under said act.

3.  Same—Federal Employers Liability Act—Injury to Servant— Imperfect Car Coupling—Going Between Cars to Uncouple— Immaterial Contributory Negligence.

Where a railroad company failed to comply with the provisions of the federal Safety Appliance Act, requiring furnishing of automatic couplers which can be uncoupled without going between the cars, and a brakeman, who was unable to operate the coupler by using the lifting rod extending to the side of the car, went between the cars, climbed upon the end of one car, and, without taking hold of anything to support him, put one foot under the pin and pulled it up, when the jar of the cars threw him off the platform onto the ground, injuring him, held, that, even if he was negligent in so doing, it was negligence caused through the employer's negligence as the direct cause requiring the employee to make a selection as to how he should proceed; and such contributory negligence does not constitute a defense under said act, which, regardless of such contributory negligence, makes the railroad liable for injury to an employee where violation by it of any statute enacted for the safety of employees contributed to the injury.

4.  Trial—Negligence—Injury to Servant—Federal Employees Liability Act—Instruction, Employee's Negligence as Diminishing Recovery, Immaterial Issue.

Where plaintiff, a railroad employee, sought to recover under the federal Employees Liability Act, declaring that, where the violation by the carrier of any statute for safety of employees contributed to the injury, contributory negligence should not be a defense, held, that a request for an instruction that the jury, if they found the employee guilty of negligence, must consider it as going to decrease the recovery, was properly refused.

5.  Trial—Injury to Servant—Federal Employers Liability Act— Refused Instruction as to Carrier's Contributory Negligence— Negligence Through Defective Coupler—Full Instructions Given.

In a suit to recover for injuries to an employee under the federal Employers Liability Act, declaring that an interstate carrier's servant shall not be held guilty of contributory negligence where the carrier's violation of any statute enacted for the safety of employees contributed to the injury, held, that a proposed instruction requested by defendant, which in prin-

ciple stated that the jury must find defendant's negligence to have contributed to the injury, but the remainder of the instruction left to the jury the mere question whether there was a defect in the coupler, a failure of which to operate was the responsible cause of plaintiff's injury, was properly refused; the instructions given having fairly and fully submitted the question of such defect.

6. Appeal—Error—Review—Instructions as to Contributory Negligence—Failure to Request Proper Instruction—No Exception to Instructions Given, Effect.

Where, in giving instructions concerning what it was necessary for the jury to find in order to further find that appellant's negligence contributed to the injury, the trial court may have failed to as fully instruct as to the meaning of the word "contribute" as used by the court, and, in that connection, should have explained somewhat the phrase "scope of his employment," yet, in the absence of any requested instruction, and of any exception to instructions given, calling the court's attention thereto, the question of such alleged error is not presented for review.

7. Trial—Negligence—Defective Car Coupler—Instructions as to Inspection of Defective Coupler—Error Cured by Other Instructions.

In a suit under the federal Employers Liability Act, by a brakeman, to recover for injuries resulting from his going between cars to uncouple them, caused by a defect in the automatic coupler, held, that an instruction that if the jury found that plaintiff was unable to uncouple the cars by use of the lifting rod, then the evidence regarding inspection by defendant carrier of the car before and after the accident as to whether the coupler was defective, cannot be considered, while standing alone, was erroneous under the evidence, it appearing that a perfect coupler might not work because of absence of slack between the cars, is cured by other instructions to the effect that it must appear that there was some defect or insufficiency in the cars or appliances of defendant railroad company.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by J. A. Fletcher, against the South Dakota Central Railroad Company, and Henry S. Stebbins, as receiver, to recover for injuries received while in defendant railroad company's employ. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Joe Kirby,* for Appellants.

*George W. Egan,* and *Davis and Michel,* for Respondent.

(1)    To point one of the opinion, Appellants cited:

Federal Employers' Liability Act, of 1908; Safety Appliance Act, Sec. 2, as amended March 2, 1903.

Respondent cited:

Sections 2 and 86, Act of Cong. of March 2, 1893, Chapter 196, 27 Stat. L. 531, Fed. Stat. Annot., Vol. 6, Page 752; Sec. 1, Act Cong. of March 2, 1903; Sec. 1, Employers' Liability Law, Act of April 22, 1908, Secs, 3, 4, Chap. 149, 35 Stat. L., 65 Fed. Stat. Annot., 1909 Supp., Page 584; Chicago, Burlington & Quincy Railway Company v. United States, 220 U. S. 559, 55 L. Ed. 582; St. Louis I. M. & S. Railway Company v. Taylor, 210 U. S. 281, 52 L. Ed. 1061; Grand Trunk W. R. Co. v. Lindsay, 233 U. S. 42, 58 L. Ed. 838; Delk v. St. Louis & S. F. R. Co., 220 U. S. 579, 55 L. Ed. 590; U. S. Adv. Ops. 1914, Page 609.

(2)    To point two of the opinion, Appellants cited:

Delk v. St. L. & S. F.R. Co., 220 U. S. 580 (555 L. Ed. 590); C. C. C. & S. L. Ry. Co. v. Baker, 91 Fed. 224.

(3)    To point three of the opinion, Appellants cited:

C C. C. & St. L. R. Co. v. Baker, 91 Fed. 224.

(4)    To point four of the opinion, Respondent cited:

Chicago & R. I. Railway Co. v. Brown, 229 U. S. 317, 33 Sup. Ct. 840, 57 L. Ed. 1204; Grand Trunk Western Railway Company v. Lindsay, 223 U. S. 42, 58 L. Ed. 838.

WHITING, J.  Plaintiff recovered judgment for damages resulting from an injury received by him while serving defendant as a brakeman.  At the time of the injury plaintiff was engaged in switching operations pertaining to and constituting interestate commerce.  In the discharge of his duties as brakeman he was called upon to uncouple a certain car from an adjoining one.  Being unable to make the uncoupling by means of the lever or lifting rod on the automatic coupler with which the car was equipped, he went between the ends of the two cars and, while standing on a platform on the end of one car, he was thrown to the ground and severely injured.  From the judgment and an order denying a new trial this appeal was taken.

[1-3] Respondent bases his right of recovery upon the contentions: (1) That his injury resulted from a violation by defend-

ant of the federal Safety Appliance Act, in that it had failed to equip one of said cars with a proper coupler; (2) that he was entitled to recover under that act and under the federal Employers' Liability Act. And respondent contends that any evidence tending to prove negligence upon the part of plaintiff became immaterial—that if the evidence established a compliance with the Safety Appliance Act it established an absolute defense; while, if such evidence showed a noncompliance with such act, no negligence on the part of respondent could bar a recovery. Among the provisions of the Safety Appliance Act is one requiring railroad companies to equip all cars used on railroads engaged in interstate commerce "with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." There was evidence showing that respondent made several efforts to work the coupler in the manner contemplated by such act and that the coupler failed to work. This evidence was ample to support a finding that the appellant had failed to comply with the provisions of such act. Nichols v. Chesapeake & O. Ry. Co., 195 Fed. 913, 115 C. C. A. 601; Chicago, R. I. & P. I. R. Co. v. Brown, 229 U. S. 317, 33 Sup. Ct. 840, 57 L. Ed. 1204. Under the express provisions of the Employers' Liability Act, contributory negligence on the part of respondent was immaterial; among the provisions of such law is one:

"That no such employe who may be injured or killed shall be held to have been *guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employes contributed* to the injury or death of such employe."

Under this statute, where a railroad company failed to comply with the provisions of the Safety Appliance Act and such failure "contributed" to an injury suffered by an employe, no act of the employe, no matter how negligent it may be or to what extent it may *in fact* have contributed to the injury, can be urged as "contributory negligence" for purposes of defense. Grand Trunk W. R. Co. v. Lindsay, 233 U. S. 42, 34 Sup. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168. But the negligent acts which are thus forbidden to be urged as a defense are those which in fact do merely *contribute* to the result. If an act of the employe is the

*sole* cause of the result, it is not contributory, and the railroad company would not be liable therefor even under the provisions of the Employers' Liability Act.

This brings up to a consideration of the proper construction to put upon the word "contributed," as used in the above quotation from the Employers' Liability Law. In considering contributory negligence as a defense, it is unnecessary to draw a close line of distinction between that negligence that merely contributed to the injury and that negligence that is the sole cause of the injury, where proof of either is a complete defense. But negligence of plaintiff cannot in fact merely contribute to an injury unless there be negligence on the part of defendant also contributing thereto; neither can the negligence of a plaintiff be the sole cause of an injury, and thus bar recovery under the Employers' Liability Act, if the negligence of defendant did *contribute* to the injury. Webster's definition of the word "contribute," when used as it is in this law, is:

"To have a share in any * * * effect." Webster's New International Dictionary.

This in substance is the same as the definition in the Century Dictionary, announced in 9 Cyc. 791. It needs no argument to show that no person or thing can "have a share in any effect" unless such person or thing shares in the *cause* or *causes* which produce the effect. It follows that if an injury results from, or is the effect of, only one act of commission or omission, which act is not itself the *effect* or result of some other alleged act of commission or omission, such act becomes the sole *cause* of the injury, and such act, no matter how negligent it may be, cannot and does not constitute contributory negligence, contributory to such alleged act, because it does not "share [with such other act] in any effect." In this connection it is well to bear in mind the distinction between the *cause* of an act and the *occasion* for an act. An act may furnish the *occasion* for another act, and such second act may be the *cause* of an injury, without the first act in any manner being a contributing cause of such injury; such second act may be the result of some *intervening* cause in no manner flowing from the original act, but which cause is given an opportunity to operate through the occasion furnished by such original act. The New International Dictionary says:

"The cause of an effect is that which actually produces it or brings it about; the occasion is that which, either directly or indirectly, provides an opportunity for the casual agencies to act or serves to set them in motion."

Or, as stated in Pennsylvania Company v. Congdon, 134 Ind. 226, 33 N. E. 795, 39 Am. St. Rep. 251, undoubtedly quoting from an earlier edition of the Webster Dictionary:

"Webster defines an occasion, as distinguished from a cause, to be 'that which incidentally brings to pass an event, without its efficient cause, or sufficient reason.'"

If a chain of acts leads up to a certain result, it does not necessarily follow that such acts all contribute to such result. If at some place in such chain there is an act that in no true sense can be said to be the cause of the next act in the chain, but which merely brings about the occasion or opportunity for such next act, the line of causation is broken, and it is only that intervening cause which, taking advantage of the occasion or opportunity offered, acts and produces the final effect that can be said to be even a contributing cause leading to such final result or effect. There should be noted this exception to the above: Where the party responsible for the initial act knows or should know that, if the occasion or opportunity is given, such intervening cause will be likely to exert itself, the furnishing of such occasion or opportunity may be in itself an act of negligence causing such party to be liable for the result flowing as the effect of such intervening cause, where such intervening cause is outside of, or beyond the control of, the party who suffers from such result. If the light in the lantern of a brakeman on a freight train should become extinguished through some negligence of the railroad company, making it necessary for the brakeman to relight it, and in order to relight it, it was necessary for him to pass over the moving train to the caboose or the engine, in doing which he, owing to the darkness, fell and was injured, there would be a direct line of causation leading from the negligence of the company to the injury of the brakeman. If, in such case, the brakeman should be negligent while passing over the moving cars, such negligence would be contributory to that of the railroad company.

A rear brakeman on a long train is called upon, in the course of his duties, to communicate with the engineer on the engine,

and his lantern having, through the negligence of the railroad company, become broken, thus preventing signaling, it becomes necessary for him to approach such engine in order to deliver his message. In order to do so, he elects to board a passing train, and, after getting safely aboard of such train, and while on his way to deliver his message, he commits some negligent act which results in an injury to him. Here the line of causation is broken, and the negligence of the company could not be held to have contributed to the injury—the negligence of the company merely furnishing the occasion for the interposition of an intervening cause, the recklessness of the brakeman, which recklessness was the sole cause of the injury. Where, however, the line of causation between the original act of commission or omission and the injury is not broken by the intervention of some unconnected cause, the Employers' Liability Act cannot—

"be nullified by calling plaintiff's act the proximate cause, and thus defeating him, when he could not be defeated by calling his act contributory negligence. For his act was the same act, by whatever name it be called. It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the act." Grand Trunk v. Lindsay, supra.

Let us consider the facts of this case and the contentions of appellant in the light of the above discussion. According to respondent's own testimony, when he found he could not operate the coupler by means of the lever or lifting rod, which extended out to the side of the car, he elected to go between the cars in order that he might make the uncoupling. One of the cars was what is known as a gondola car; it was open at the top, but with closed sides and ends extending several feet above the floor thereof; and at the end thereof there was a strip or platform about 12 inches wide extending across the car back of the coupler. Respondent climbed upon this platform with a lighted lantern in one hand. Without taking hold of anything to support him, he stood upon one foot, put his other foot under the pin, and pulled it up, such foot having no support. Immediately after the pin was lifted the jar of the cars threw him off the platform onto the ground, severely injuring him. Under this evidence two questions were before the jury: (1) Had appellant failed to comply with the pro-

visions of the Safety Appliance Act? (2) If so, did such failure contribute to respondent's injury?

Appellant sought, both through offers of evidence and requested instructions, to exonerate itself from liability upon the grounds: (1) That respondent might have gone around to the other side of the train and uncoupled these cars in perfect safety by means of the lever or lifting rod which worked these same couplers from the other side; (2) that respondent might have called to the conductor—who was on the other side of the train— and had him uncouple the cars; (3) that respondent might have signaled the engineer to stop the train and then uncoupled the same when standing still. Undoubtedly in this, as in many cases, after the accident, the injured party realized that such injury might have been avoided by choosing some safer course of action; but, in choosing his course of action, respondent was but selecting one of several courses left open to him, and to which he was driven through appellants' negligence. He was called upon to exercise his judgment. Whether he should have chosen one of the other courses admits of debate. It is one thing to judge of a situation in cold abstraction; another thing to form a judgment on the spot. The movement of trains requires prompt action, and therefore quick decisions. It cannot be held, as a matter of law, that respondent was negligent merely because he elected to and did go between the cars. Chicago, etc., v. Brown, supra. But even though we should consider respondent to have been negligent in the election he made, yet it would be negligence in doing that which was caused through appellants' negligence—appellants' negligence was the direct cause requiring respondent to make an election as to how he should proceed. At most, then, in making such choice, respondent was guilty of but contributory negligence, which does not constitute a defense under the Employers' Liability Act.

[4] Appellant sought an instruction whereby the jury, if they found respondent guilty of negligence, would be required to consider the same, not as a defense, but as going to diminish the amount of respondent's recovery. It is too apparent to demand argument that, under that provision of the Employers' Liability Act which we have quoted, there could be no possible theory of this case under which such instruction would be proper. Negli-

gence on the part of respondent must necessarily be merely contributory, and therefore no defense, or the sole cause of the injury, and therefore a defense in toto.

[5] Appellant urges error in not giving the following instruction:

"(2) You are instructed that if the injury of which the plaintiff complains was the result of his own act, and not due in any manner to any defect or insufficiency in its cars' or appliances, caused by the defendant's negligence, then he cannot recover; in other words, before he can recover it must appear that there was some defect or insufficiency in the cars or appliances of the defendant, and that such defect or insufficiency was due to its own negligence."

This instruction, down to the semicolon, is a statement—though perhaps not as clear and full as would be necessary for a clear understanding of the proposition involved—that the jury must find appellants' negligence to have contributed to the injury; but the remainder of such requested instruction took the question of contribution away from the jury and left with it the mere question of whether there was a defect in the coupler, and whether such defect was owing to appellants' negligence. The court, through the instructions it gave, fairly and fully submitted the question of the coupler being defective. If defective, appellant was liable for any damages resulting from allowing the car to be moved while in such defective condition.

Appellant also complains of the court's refusal to give a requested instruction to the effect that, if respondent was the only person who knew of the defective coupler, he should not have attempted to use it, but should have reported it to his superior officers. This is in line with appellants' contention that respondent should have chosen a safer method of uncoupling the cars, and what we said upon that matter applies to this contention. Respondent was driven, through appellants' negligence, to select a course of action; if his selection was unwise, it could at best but amount to contributory negligence.

[6] The trial court instructed the jury:

"If you should find that the coupler on the car in question would not and did not uncouple by the use of the lifting rod at the time the plaintiff. Fletcher, attempted to uncouple the same,

and if you find that plaintiff made a reasonable, intelligent, and honest effort to uncouple same, by use of said lifting rod or lever, but was unable to uncouple same in this manner, and if you further find that the failure of said coupler to work properly contributed to the plaintiff's injury, then the plaintiff is entitled to recover, providing you find he was working within the scope of his employment at the time."

Appellant complains of this instruction, saying:

"The court does not attempt to define what was the scope of his employment, and, I take it, the jury would understand it as the course of his employment. This eliminates completely any question of judgment or care on the part of the plaintiff, and in fact allows him the option of willfully suffering injury at his own hands, in the hope of gain."

The only exception taken which could apply to such instruction was:

"The defendant excepts to that part of the charge of the court in which the court tells the jury that if they find that the coupling would not uncouple by an effort of the plaintiff, and that such failure contributed to his injury, they should find for him, the plaintiff."

It will be seen that this exception in no manner suggests the point now urged. It is quite possible that, in order for the jury to understand clearly what was necessary for it to find in order to further find that appellants' negligence *contributed* to the injury, the court should have instructed the jury somewhat fully as to the meaning of the word "contributed" as so used, and, in that connection, should have explained somewhat the phrase "scope of his employment"; but neither through any requested instruction nor through any exception taken to instructions given was the court's attention called thereto.

[7] Appellant excepted to the following instruction:

"The only purpose of the evidence tending to show inspection on the part of the defendant of the car in question before and after the accident is to determine whether or not the coupler on the car in question was defective at the time plaintiff attempted to use it. If you find that at the time plaintiff attempted to uncouple the cars in question he was unable to do so by use of the lifting rod, or lever extending beyond the sides of the car then

the evidence with regard to the inspection of the car cannot be considered by you."

And he says:

"I think the trial court also erred in instructing the jury that they were to disregard all the evidence received as to the inspection and care of the car in question, if they found he was unable to use the lifting rod or lever."

This instruction, standing alone, would certainly be questionable, as, under the evidence, it appeared that a perfect coupler might not work under certain circumstances, and this instruction would permit recovery, even though the jury found the coupler to be in perfect order, if it so happened that, when respondent tried to work it, he failed. Although in perfect order it might have failed to work, owing to the fact that there was no slack between the cars, and therefore there was a strain upon the coupler. But, at several other places in its instruction, the trial court specifically instructed that the coupler must be defective in order for respondent to be entitled to recover. After giving the instruction complained of, the court later instructed:

"In other words, before he can recover, it must appear that there was some defect or insufficiency in the cars or appliances of the defendant."

Appellant contends that the evidence was insufficient to support the verdict. There being evidence to support the contention that the coupler was defective, the only question left was whether the negligence, if any, of respondent, acted with appellants' failure to supply a proper coupler and both contributed to the injury; or whether the injury resulted from some act of respondent which was an intervening cause not the result or effect flowing from appellants' failure to supply a proper appliance—such failure at the most, merely creating the occasion or opportunity for such intervening cause to exert itself. While this question—one of the two questions before the jury—was not submitted as fully and clearly as might have been best, no instruction, amplifying or clarifying the instructions given, was asked, and no exception was interposed calling attention to such defect in the instructions. The question of whether appellants' failure to provide a proper coupler did contribute to the injury was one purely of fact and there was evi-

dence to support a finding for respondent upon that question.

The judgment and order appealed from are affirmed.