(No. 16086.—Reversed and remanded.)

HENRY O. PHILLABAUM, Plaintiff in Error, vs. THE LAKE ERIE AND WESTERN RAILROAD COMPANY, Defendant in Error.

*Opinion filed December 16, 1924.*

1. NEGLIGENCE—*what question is presented where the Appellate Court has reversed the plaintiff's judgment with a finding of facts.* Where an action for negligence results in a verdict and judgment for the plaintiff and the Appellate Court reverses the judgment on the facts without remanding the cause, the Supreme Court cannot weigh the evidence or determine the credibility of witnesses but is limited to ascertaining whether there is in the record any evidence supporting the charge of the plaintiff or whether the defense is so conclusively established that the defendant is entitled to judgment as a matter of law.

2. SAME—*Appellate Court cannot disregard verdict where evidence is conflicting.* Where a law case is tried by a jury and the evidence is conflicting the Appellate Court does not have power to weigh and determine on which side the preponderance of the evidence lies and enter an original judgment on its consideration of the evidence contrary to the verdict of the jury.

3. SAME—*question as to plaintiff's violation of orders is for the jury.* In an action for negligence under the Federal Safety Appliance act, whether the plaintiff violated rules of the employer, whether the rules were in effect at the time of the injury or had been abrogated by non-observance, or whether the violation of the rules contributed to the injury, are questions of fact for the jury.

4. SAME—*what is proximate cause of an injury is ordinarily a question of fact.* What is the proximate cause of an injury is ordinarily a question of fact, to be determined by the jury from a consideration of all attending circumstances, and it can only become a question of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them.

5. SAME—*when failure of coupling device may be considered proximate cause of injury.* In an action against a railroad company for negligence under the Federal Safety Appliance act, failure of the defendant to equip its cars with proper couplers may be considered the proximate cause of an injury if the injury may be directly attributable to that cause, could have been foreseen to result from such negligence and no new force intervened to cause the injury; but the mere fact that the failure of the couplers to couple furnished the condition which made the injury possible is not alone sufficient if there was, in fact, another intervening cause.

6. SAME—*what is an intervening cause of injury.* An intervening cause of injury is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury.

7. SAME—*when intervening act is proximate cause of injury.* An original act may furnish the occasion for another intervening act which becomes the proximate cause of an injury without the first act in any manner being a contributing cause of the injury, as the second act may be the result of some intervening cause in no manner flowing from the original act although it furnished the occasion for the second act.

8. SAME—*when party responsible for initial act is liable for injury notwithstanding an intervening cause.* Where the party responsible for the initial act knows or should know that if the occasion is given an intervening cause will be likely to exert itself and produce an injury, the furnishing of such an occasion by the initial act may be in itself an act of negligence causing such party to be liable for the injury resulting from the intervening cause, where such intervening cause is within the control of the party responsible for the initial act.

9. SAME—*when plaintiff's act is not an intervening cause independent of defendant's original negligence.* In an action against a railroad company under the Federal Safety Appliance act for personal injuries received by a brakeman in attempting to operate a coupler with his hands, the act of the plaintiff cannot be said, as a matter of law, to be an intervening efficient cause of the injury independent of the negligence of the defendant in failing to equip its cars with proper couplers, where the plaintiff did not decide upon the act resulting in his injury until after the cars had twice failed to couple by impact.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding.

HENRY R. RATHBONE, and CLARENCE W. HEYL, (HEYL & HEYL, of counsel,) for plaintiff in error.

JOHN B. COCKRUM, J. G. McKAY, and MILLER, ELLIOTT & WESTERVELT, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an action for damages based on a violation of the Federal Safety Appliance act, which makes it unlawful for any railroad engaged in interstate commerce to use a car not equipped with couplers coupling automatically by impact. The Lake Erie and Western Railroad Company, defendant in error, is a common carrier engaged in interstate commerce, and at the time of the injury in question Henry Phillabaum, plaintiff in error, was employed by defendant in error in a switching movement. There was a verdict and judgment in favor of plaintiff in error in the circuit court of Peoria county. On appeal the Appellate Court for the Second District reversed this judgment and incorporated in its judgment a finding of fact to the effect that the injury was not caused by the use of a defective coupler but by the contributory negligence of plaintiff in error. This court has granted a writ of *certiorari* to review the judgment of the Appellate Court.

This being a case tried by jury and the Appellate Court having reversed the judgment on the facts without remanding the cause, the inquiry here is limited to ascertaining whether there is in the record any evidence supporting the charge of plaintiff in error, or whether the defense is so conclusively established that defendant in error is entitled to judgment as a matter of law. Where a law case is tried by a jury and the evidence is conflicting the Appellate Court does not have the power to weigh and determine on which side the preponderance of the evidence lies and enter an original judgment on its consideration of the evidence contrary to the verdict of the jury. *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.

Defendant in error contends that the judgment of the Appellate Court should be affirmed for the reasons (1) that there is no evidence in the record showing negligence on its part; (2) that the failure of plaintiff in error to ob-

serve certain safety rules known to him was the cause of his injury; and (3) that the movement of the train while plaintiff in error was in a place of danger was a cause of the injury wholly independent of the condition of the couplers.

It is unnecessary to a decision of this case to set out the evidence in detail. Plaintiff in error, in obedience to orders of his superior, was at the time of his injury engaged in removing a freight car from the main track of defendant in error. The track runs north and south and the engine engaged in the switching operation was on the north end of a string of three freight cars. As the string moved south to pick up the car to be moved, plaintiff in error rode on the southeast corner of the car at the south end of the string. The coupler on the car on which he was riding was closed and the coupler on the north end of the other car was open, so that they were in proper condition to couple by impact. The cars came together and the draw-bars entered but the coupling did not make. Plaintiff in error alighted and walked south to the point where the single car had come to a stop. He signaled the engineer to move south with the string of cars. The couplers came in contact but again the coupling failed to make. Thereupon plaintiff in error went between the two cars and closed the coupler on the car to be picked up by manipulating it with his hands. In order to effect a coupling it was necessary to open the coupler on the other car, and while he was climbing through between the two cars to operate the lift to open the coupler the engineer moved the string of cars south and the right foot of plaintiff in error was caught between the couplers and crushed. The record does not show that plaintiff in error at the time of his injury was engaged in interstate commerce.

Defendant in error introduced much testimony to the effect that the coupler was not defective and that its failure to couple was due to the failure of plaintiff in error to have the couplers in proper alignment. There was also

evidence to the effect that the foot of plaintiff in error was caught while he was kicking one of the couplers while the train was moving, which was in violation of a rule known to plaintiff in error. It is not the province of this court to weigh this evidence nor to determine the credibility of witnesses. It is clear from the record that there is substantial evidence showing that the couplers were defective, and this being true, neither this court nor any other court has the power to deprive plaintiff in error of his right to a trial of the facts by a jury. Whether the rules which it is claimed plaintiff in error violated were in effect at the time of the injury or had been abrogated by non-observance, or whether the violation of the rules contributed to the injury, were questions of fact for the jury. (*Preble* v. *Wabash Railroad Co.* 243 Ill. 340; *Hampton* v. *Chicago and Alton Railroad Co.* 236 id. 249.) He was certainly not guilty of such contributory negligence as would justify a holding that his right to recover was barred as a matter of law. *Chicago, Rock Island and Pacific Railway Co.* v. *Brown,* 229 U. S. 317, 33 Sup. Ct. 840; *Popplar* v. *Minneapolis, St. Paul and Sault Ste. Marie Railway Co.* 121 Minn. 413, 141 N. W. 798.

The important question in the case is whether the movement of the train was an intervening independent act which was the proximate cause of the injury. What is the proximate cause of an injury is ordinarily a question of fact, to be determined by the jury from a consideration of all attending circumstances. (*McClure* v. *Hoopeston Gas Co.* 303 Ill. 89; *Illinois Central Railroad Co.* v. *Siler,* 229 id. 390; *Great Northern Railway Co.* v. *Otos,* 239 U. S. 349, 36 Sup. Ct. 124.) It can only arise as a question of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonble men as to the inferences to be drawn from them.

If the injury to plaintiff in error is directly attributable to the wrong of defendant in error in failing to equip

its cars with proper couplers and no new force of itself sufficient to stand as the cause of the injury intervened, the negligence of defendant in error must be considered the proximate cause of the injury if it could have been foreseen by the exercise of ordinary care that injury might or would result from such negligence. (*Morrison* v. *Flowers*, 308 Ill. 189; *Follett* v. *Illinois Central Railroad Co.* 288 id. 506.) An intervening efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury. (*Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242.) It is not sufficient that the failure of defendant in error to equip its cars with proper couplers furnished the condition by which the injury was made possible. (*Seith* v. *Commonwealth Electric Co.* 241 Ill. 252.) An act may furnish the occasion for another act, and such second act may be the cause of an injury without the first act in any manner being a contributing cause of such injury. The second act may be the result of some intervening cause in no manner flowing from the original act but which cause is given an opportunity to operate through the occasion furnished by such original act. The cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for the causal agencies to act. Where the party responsible for the initial act knows or should know that if the occasion is given such intervening cause will be likely to exert itself, the furnishing of such an occasion may be in itself an act of negligence causing such party to be liable for the result flowing as the effect of such intervening cause, where such intervening cause is within the control of the party responsible for the initial act. *Fletcher* v. *South Dakota Central Railway Co.* 36 S. D. 401, 155 N. W. 3.

Applying the law as announced to the facts in this case, it must be held that the failure of defendant in er-

ror to equip its cars with couplers that would couple by impact was the proximate cause of the injury to plaintiff in error.   When the coupling failed to make on two attempts, plaintiff in error undertook to adjust the couplers so that they would couple by impact.   He closed the coupler on the car which he had been directed to remove from the main track and was climbing through between the cars to use the lever to open the coupler on the south end of the string of cars when the string was moved toward the standing car and his foot was crushed.   Of course, plaintiff in error could have required the engineer to back the string of cars away from the other car and hold them in that position until he passed to the other side of the string of cars and adjusted the coupler.   It is possible that there were other courses of action that would have been safe, but whether he should have chosen one of the other courses under the circumstances is debatable.   It is one thing to judge a situation in cold abstraction and another to form a judgment on the spot.   The movement of a train requires prompt action and therefore quick decisions.   (*Chicago and Alton Railway Co.* v. *Walters,* 217 Ill. 87.)   In choosing the course of action he did, plaintiff in error selected one of several courses left open to him and to which he was driven by the fault of defendant in error in failing to properly equip its cars.   The movement of the string of cars was an act of defendant in error directly connected with the coupling of cars in a switching movement, and was not an intervening efficient cause of the injury independent of the unlawful act of failing to equip the cars with proper couplers.   *Grand Trunk Western Railway Co.* v. *Lindsay,* 233 U. S. 42, 34 Sup. Ct. 581; *Burho* v. *Minneapolis and St. Louis Railway Co.* 121 Minn. 326, 141 N. W. 300; *Southern Pacific Co.* v. *Thomas,* (Ariz.) 188 Pac. 268; *Alabama and Vicksburg Railway Co.* v. *Dennis,* (Miss.) 91 So. 4; *York* v. *St. Louis, Iron Mountain and Southern Railway Co.* 86 Ark. 244, 110 S. W. 803; *Tennessee, Ala-*

*bama and Georgia Railroad Co.* v. *Drake,* (C. C. A.) 276 Fed. 393.

For the error committed by the Appellate Court in reversing the judgment of the trial court without remanding the cause for a new trial the judgment of the Appellate Court is reversed and the cause is remanded to that court for further proceedings.        *Reversed and remanded.*