Wilbert Sutter, by Charles Sutter, Appellee, v. Fred Hartman, Trading as Fred Hartman Commission Company, Appellant.

Gen. No. 32,919.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

CASSELS, POTTER & BENTLEY, for appellant; KENNETH B. HAWKINS, of counsel.

JEROME HALL, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In the trial court this was an action on the case for personal injuries. There was a trial by jury, a verdict for plaintiff in the sum of $2,500, a denial of motions for a new trial and in arrest, and judgment on the verdict.

There is practically no conflict in the evidence upon material points. Plaintiff, a boy then eight years of age, was injured in or near a garage of defendant at 2860 Lincoln Avenue in Chicago on June 4, 1926, as a result of being struck by one of the doors of defendant's garage which fell at that time under the circumstances hereinafter related.

The declaration alleged negligence in failing to keep the door in proper repair or to maintain the same in that condition. There was a plea of the general issue and a special plea denying ownership and control.

There were motions by the defendant at the close of plaintiff's evidence and again at the close of all the evidence for an instructed verdict in his favor, which were denied, and it is urged that the court erred in denying these motions; that the undisputed evidence fails to show that the defendant was negligent, and further that the alleged negligence was not the proximate cause of the injury sustained by plaintiff. It is further urged that the court erred in denying defendant's motion to withdraw a juror on account of im-

proper testimony of a witness for plaintiff with reference to an insurance claim adjuster indicating that defendant was covered by liability insurance. It is also urged that the court erred in refusing to give instructions requested by defendant.

The material facts appear to be that defendant conducted a fruit and vegetable commission business in the City of Chicago at 2860 Lincoln Avenue, a public highway extending northwest and southeast. He owned and occupied the premises. This property, which fronted on Lincoln Avenue, extended west to Herndon Street, another public highway running north and south. West of Herndon Street were switch tracks of the Chicago and Northwestern Railroad. On the rear or west portion of these premises and directly back of the store in which defendant's business was conducted was a one-story brick garage in which defendant was accustomed to keep four delivery trucks used by him in his business. Defendant also owned three and a half feet of land adjoining and extending south from the south wall of this garage to a public alley which extended east and west and which was paved with concrete. The entrance to the garage was from the alley by an automobile doorway. At this entrance there were two doors hung on rollers that ran along a track on the inside of the south wall of the garage. The doors when closed came together at the center of the entrance. The doors were of wood with glass windows in the upper half and each door weighed about 350 pounds.

On the evening of June 4th one of defendant's chauffeurs while backing his truck into the garage struck the west door near the top, bending the roller and the track in which it ran to such an extent that the chauffeur was unable to slide the door shut. With the help of a neighbor he pushed this west door along the floor of the garage until it was shut and then closed the east

door. They then placed the top of the west door against the track on the inside of the south wall so that the bottom part of the door extended towards the north about four or five inches and rested on the floor of the garage. They then braced the door with a 10-foot rung ladder, the top of the ladder being placed against a cleat which was formed by the frame surrounding the window panes, and the bottom part of the ladder rested on the floor a few feet towards the center of it. They testified without contradiction that they tried and tested the door and left the garage by another and smaller entrance.

At the time this occurred there were no children playing in the alley, although it was not unusual for children to play there. Children came in quite large numbers a little later and were playing in the alley, which was a double one. About eight o'clock one Prendergast, who was a watchman for the Central Watch Service, Inc., passed that way and noticed an opening between the garage doors. There had been a number of burglaries in the neighborhood; Prendergast was suspicious and called a policeman named Sullivan. In all this he acted without any authority from the defendant. Prendergast and Sullivan undertook to investigate the situation at the garage. They pushed open the east door and entered, found nothing wrong and went away. Prendergast then telephoned his company and as directed by it returned to the garage with Sullivan. By this time the children were playing in the alley, having been attracted to the garage by the uniform of the policeman. They gathered about the garage doorway. Prendergast and Sullivan turned on the lights and again examined the garage. Sullivan then left. Thereafter Prendergast (acting without directions from anyone) took the ladder away from the west door and placed it against the wall of the garage. A moment later the west door fell

towards the north. Prendergast, who was looking in another direction, heard the cry of plaintiff, who had been struck by the door, a part of it resting upon his leg, the femur of which was broken.

There is some conflict in the evidence as to whether plaintiff was on defendant's premises or in the alley at the time he was struck by the door. He was taken to the hospital for treatment and the evidence tends to show that he has fully recovered from his injury.

While other questions are argued quite at length, upon an examination of the record we conclude that the controlling question in the case is whether defendant was guilty of negligence which proximately caused the injury plaintiff sustained. The leading authority in this State on the question of proximate cause is *Seith v. Commonwealth Electric Co.,* 241 Ill. 252. In that case a live wire of the defendant electric company fell between the sidewalk and the curb of the street, and under circumstances such as would have resulted in no injury to anyone. The wire was struck by a policeman with his club and thrown upon the plaintiff who was standing upon the sidewalk, and he was thereby severely injured. The court held that the negligence of the defendant was not the proximate cause of the injury of plaintiff. It was there in substance said that in order that negligence might be the proximate cause of an injury it was not necessary that it should be either the sole cause of it or the last or nearest cause to it; that it might be negligence which concurred with some other cause acting at the same time and which in combination with it caused the injury; further, that if the alleged negligent act set in motion a chain of circumstances and operated on them in a continuous sequence "unbroken by any new or independent cause," the cause would be proximate within the established rule; that the question is not to be determined by the existence or nonexistence of inter-

vening events, but by the character and nature of such events and the natural connection between the original act of negligence and the injurious consequences. It was said:

"To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence."

It was further held that negligence which did nothing more than furnish a condition that made an injury possible by the subsequent independent act of a third person was not the proximate cause of the injury.

Plaintiff calls our attention to the undoubted rule of law that what is the proximate cause of an injury is ordinarily a question of fact which should be submitted to the jury, and cites a line of cases beginning with *Illinois Cent. R. Co. v. Siler,* 229 Ill. 390, and ending with *Phillabaum v. Lake Erie & W. R. Co.,* 315 Ill. 131. That is the unquestioned rule where there is any evidence from which a jury can find that the alleged negligence was the cause of the injury for which a plaintiff sues, but where there is no evidence from which a jury can make such a finding and where, as here, there is no conflict in the evidence, the question becomes one of law for the court. *Curran v. Chicago & W. I. R. Co.,* 289 Ill. 111.

If we assume in this case that defendant's chauffeur was guilty of some act or omission amounting to negligence in connection with the manner in which the ladder was placed against the door, we are nevertheless unable to see how that act or omission can be said to be the proximate cause of the injury which happened to

this boy. It was not the act of the chauffeur in putting the ladder against the door but the subsequent act of Prendergast in removing the ladder from the door that caused it to fall. Moreover, the actions of the chauffeur and of Prendergast were not concurrent. On the contrary, Prendergast's actions were subsequent to, independent of and entirely disconnected with the placing of the ladder against the door. The act of the chauffeur might perhaps be held to have created a condition which rendered the subsequent act of Prendergast possible, but all the cases hold that that is not sufficient. Again, could any jury reasonably say that a person in the exercise of reasonable care and caution would have probably foreseen that a watchman who was not in the service of an owner would come at a later time, would call a policeman and after the policeman departed would negligently remove the brace from the door? It would require considerable imagination to foresee that these or similar events would follow.

We conclude, therefore, that the instruction to find for the defendant should have been given by the trial court because there was no evidence from which a jury could reasonably find defendant guilty of negligence which proximately caused the injury of plaintiff.

The judgment is therefore reversed.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.