# CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY v. BROWN.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 230.    Argued April 18, 1913.—Decided June 10, 1913.

Where the case is within the class which it was the purpose of the Judiciary Act of 1891 to submit to the final jurisdiction of the Circuit Court of Appeals, this court goes no further than to inquire whether plain error is made out. *Texas & Pacific Railway* v. *Howell*, 224 U. S. 577.

Under the Safety Appliance Acts the failure of a coupler to work at any time sustains a charge of negligence on the part of the carrier. *C., B. & Q. R. R. Co.* v. *United States*, 220 U. S, 559.

Where the trial court and the Circuit Court of Appeals have, after considering the evidence, confirmed the verdict, this court will hesitate to say that their concurring judgments are not such as could be reasonably formed or are without foundation as matter of law.

One obliged to form a judgment in an emergency on the spot is not to be held accountable in the same measure as one able to judge the situation in cold abstraction. *The Germanic*, 196 U. S. 589.

The movement of trains requires prompt action, and one engaged therein should not be held guilty of contributory negligence because he did not anticipate that he might be injured if he selected one of several ways of performing his duty even though he had knowledge of the existence of that which caused his injury.

185 Fed. Rep. 80, affirmed.

THE facts, which involve the construction of the Safety Appliance Acts and determination of what constitutes contributory negligence on the part of a switchman in a railway yard, are stated in opinion.

Mr. *M. L. Bell*, with whom Mr. *F. C. Dillard* was on the brief, for plaintiff in error.

*Mr. James C. McShane,* for defendant in error submitted.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Error to review a judgment of the Circuit Court of Appeals affirming a judgment of the Circuit Court for the Northern District of Illinois for $8,000, in an action brought by Brown, defendant in error, against the railway company for injuries received by him while working as a switchman in the railway company's yards at Chicago.

The action was brought in the state court and removed on the petition of the railway company to the Federal court.

The first count of the declaration is based upon a violation of the Safety Appliance Act, and it also contains allegations based upon the Employers' Liability Act. The company was engaged and Brown was employed in interstate commerce. The fourth count charges negligence in failing to fill up the space between a running rail and a guard rail, in which space Brown's foot caught, where it was run over and his leg cut off.

The case was tried to a jury, resulting in a verdict for $8,000 for Brown upon two counts (a) for a violation of the Safety Appliance Law, (b) common law negligence in not blocking the switches. Judgment was entered upon the verdict, which was subsequently affirmed by the Circuit Court of Appeals, 185 Fed. Rep. 80.

For the purpose of the contentions which are made here, the following facts must be accepted to be established, as summarized in the opinion of the Circuit Court of Appeals (p. 82):

"The defendant in error, a switchman in a large switch yard, was called upon, at night, to uncouple some cars.

Not being in touch, by signal, with the engineer, he con-veyed his signals to another switchman in advance of him, who conveyed them to the engineer. The cars were in motion on a car track at the time. The uncoupling was to be done by means of shoving the cars in motion. Had the safety appliance been in order, this could have been accomplished by defendant in error while walking at the side of the train. But the safety appliance on the side of the car on which he was working at the time would not operate. He gave three or four jerks to it, which failed to open the coupler. He then reached in between the cars and attempted to lift the coupler pin with his fingers, which he was unable to do. He then attempted to reach the pin on the adjacent coupler, in order to lift that with his fingers. During all this time he was walking beside the cars, which were moving slowly. The pin lifting rod on the other car projected, not towards him, but away from him; and as he was reaching for the coupler pin on this adjacent coupler, his foot slipped, and a low brake beam striking his foot, shoved it into an unblocked guard rail, where it was run over and his leg cut off. Had he, under these circumstances, abandoned the uncoupling altogether until the car had come to a standstill, he would have been saved the accident."

These being the facts, the railway company asserts error in the trial court in not directing a verdict for the company, on the ground (1) that Brown, in leaning between the cars while they were in motion, was guilty of contributory negligence as a matter of law, and (2) in instructing the jury, in effect, that Brown was not chargeable with contributory negligence by the mere fact of going between the cars.

The contentions are resolvable into one and may be said to be covered by the charge to the jury which the railway company attacks. The court, after stating that the first count of the declaration is based on the failure

of the company to equip the car with such a coupling device as that it could be operated without the switchman going between the ends of the car, said:

"This first count charging the failure I have just referred to is based upon the Act of Congress imposing certain requirements upon common carriers engaged in interstate commerce, and this statute provides that a carrier so engaged shall not move or permit to be moved on its rails a car that is used in interstate commerce unless so equipped. This act also provides that if an employé engaged in the service of such a carrier sustains an injury by reason of the carrier's failure to obey that law, the employé shall not be held to have assumed the risk of danger or injury resulting from such failure on the part of the carrier. It is also the law, having in mind still this first count, that if the employé goes between the cars to effect an uncoupling, he is not chargeable with contributory negligence, that is, a failure to exercise ordinary care for his own safety, by the mere fact of going in between the cars to effect the uncoupling, but he is required before he can recover to exercise ordinary care for his own safety after he goes between the cars and while he is there endeavoring to effect an uncoupling, that is, the separation of the cars."

The counsel for the company at the outset expressed their realization that this case is one of those characterized in *Chicago Junction Railroad Company* v. *King*, 222 U. S. 222, as of the class which it was the purpose of the Judiciary Act of March 3, 1891, 26 Stat. 826, c. 517, to submit to the final jurisdiction of the Circuit Court of Appeals, and that this court under such circumstances will "go no farther than to inquire whether plain error is made out." *Texas & Pacific Ry. Co.* v. *Howell*, 224 U. S. 577. And the concession is made that in the *Taylor Case*, 210 U. S. 281, and in *C., B. & Q. R. R. Co.* v. *United States*, 220 U. S. 559, this court settled that the failure

of a coupler to work at any time, sustains a charge of negligence in this respect, no matter how slight the pull on the coupling lever. And, further, "The mere fact that the pin would not lift when plaintiff [Brown] endeavored to lift it makes a case of negligence under the first count." Contributory negligence is asserted because Brown knew, as it is contended, that he would have to pass over an unblocked guard rail; that, besides, he controlled the situation, it is contended, through signals to the engineer, and that he had two safe methods in which to make the cut of the cars but voluntarily and for his own purpose chose the most dangerous method.

But all these facts and how far they should have affected his conduct were submitted to the jury. The evidence detailed the situation to them and whether the judgment of Brown was prudently formed and exercised.

The trial court and the Circuit Court of Appeals, considering the evidence, confirmed the finding of the jury expressed by its verdict. It would be going far to say that these concurring judgments are not such as could be reasonably formed but such as must be pronounced to be without foundation as a matter of law.

The railway company starts its contentions with a concession of its own culpability in sending Brown to his duty to encounter defective appliances and then seeks to relieve itself from liability by a charge against him of a careless judgment in its execution. But some judgment was necessary, and whether he should have selected one of the ways which counsel point out admits of debate. It is one thing to judge of a situation in cold abstraction; another thing to form a judgment on the spot. *The Germanic,* 196 U. S. 589, 595, 596. The movement of trains requires prompt action, and we cannot hold that as a matter of law Brown, in leaning forward to remove a pin which would have yielded to his effort, was guilty of negligence because he did not anticipate that his foot

might slip and be caught in an open frog rail of which he had or could be charged with knowledge. The case is within the ruling in *Texas & Pac. Ry. Co.* v. *Harvey*, 228 U. S. 319.

*Judgment affirmed.*