TEXAS & P. RY. CO. v. ROSBOROUGH et al.
(Circuit Court of Appeals, Fifth Circuit.   December 9, 1913.)

No. 2,520.

1. **Trial** (§ 67*)—Reception of Evidence—Order of Introduction.
    The admission of evidence on behalf of a plaintiff after he has rested and evidence has been introduced by the defendant is within the discretion of the trial court.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 157; Dec. Dig. § 67.*]

2. **Trial** (§ 62*)—Action for Causing Fire—Evidence.
    Where the evidence of defendant in an action against a railroad company to recover damages caused by a fire tended to show that its engines were all equipped with standard spark arresters, kept in order and well handled, further evidence tending to show that the fire was caused by one of three certain engines did not render inadmissible evidence in rebuttal to show the action and handling of another and different engine of defendant two days after the fire.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 148–150; Dec. Dig. § 62.*]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action at law by W. J. Rosborough and others against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. L. Hall, of Dallas, Tex., F. H. Prendergast, of Marshall, Tex., and John J. King, of Texarkana, Tex., for plaintiff in error.

S. P. Jones and P. O. Beard, both of Marshall, Tex., for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and CALL, District Judge.

PER CURIAM.   [1] Under the issues presented by the fifth and seventh paragraphs of the first amended answer of the Texas & Pacific Railway Company, the evidence of Edwards set forth and complained of in the first assignment of error was admissible on behalf of the plaintiff.   Its admission over objection after plaintiff "had rested," and after the defending railway company had offered perhaps all of its evidence, was within the discretion of the trial judge.   Ency. Pl. & Pr. vol. 8, p. 132.

[2] Under the issues made by the pleadings, and considering the evidence offered by the defendant more or less tending to show that its locomotives were all equipped with a standard spark arrester, kept in order and well handled, the evidence of Edwards complained of was not irrelevant nor immaterial.   That it was somewhat remote goes to its effect.   Because the evidence of the defendant showed that the fire was started by one of three certain engines, Nos. 359, 140, and 202, and Edwards' evidence related to the action and the handling of another and different engine two days after the fire, did not warrant striking the evidence of Edwards from the record.

All issues in the case affecting the railway company's liability were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the jury, and the jury was not bound to accept the explanation tendered by the evidence of the railway company as to which particular engine started the fire and how that engine was equipped and handled.

None of the other assignments of error were much insisted upon, and from examination we find none of them well taken.

The judgment of the District Court is affirmed.