235 U.S. 429 (1914)
TEXAS & PACIFIC RAILWAY COMPANY
v.
ROSBOROUGH.
No. 357.
Supreme Court of United States.
Argued November 30, 1914.
Decided December 14, 1914.
ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.
*430 Mr. F.H. Prendergast, with whom Mr. W.L. Hall was on the brief, for plaintiff in error.
Mr. S.P. Jones, with whom Mr. William Thompson and Mr. J.S. Patterson were on the brief, for defendants in error.
Memorandum opinion by MR. JUSTICE McREYNOLDS, by direction of the court.
This cause was removed from the state court to the District Court and comes here solely because plaintiff in error is incorporated under an act of Congress. We go no further than to inquire whether there is plain error. Chicago Junction Ry. v. King, 222 U.S. 222, 224; Texas & Pacific Railway v. Howell, 224 U.S. 577, 582.
The Circuit Court of Appeals affirmed the judgment of the District Court, rendered upon a verdict, against the Railway Company for the value of cotton destroyed by fire alleged to have started from sparks and cinders negligently permitted to escape from some passing locomotive. The answer of the Company denied all negligence, and expressly set up: (1) That it exercised ordinary care to procure and use upon all of its engines proper spark arresters, and that these were in good repair when the accident occurred. (2) That, without its consent, the cotton was stored on the part of an open platform which *431 extended over its right of way, and was thus voluntarily exposed near tracks along which twenty engines were operated every day.
While insisting that sparks or cinders from only three identified engines could have caused the fire, the Railway Company nevertheless introduced some evidence tending to show that all locomotives were properly equipped. In rebuttal, and over objection, a witness was permitted to testify that within a few days after the accident he saw engines while passing near the scene emit large cinders; and the admission of such evidence constitutes the principal subject of complaint here. In view of the pleadings and the statements of preceding witnesses this action was not improper. Texas & Pacific Railway v. Watson, 190 U.S. 287, 289; Goodman v. Lehigh Valley R.R., 78 N.J.L. 317, 325, 326.
The court was requested, but refused, to charge that if the railway had not assented to the storage of the cotton over its right of way, and if in fact the fire started there, then it would not be liable. This refusal is said to constitute plain and material error; but we think otherwise in view of the long continued use of the platform, and the clear instruction in respect of contributory negligence. The mere presence of the cotton on the right of way without affirmative permission would not suffice to relieve the Company from the consequence of its own negligence. Grand Trunk Railroad v. Richardson, 91 U.S. 454, 471.
The other assignments of error are not much relied upon and are without substantial merit.
Judgment affirmed.