TEXAS & P. RY. CO. v. HARTFORD FIRE INS. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 13, 1916. Rehearing Denied April 19, 1916.)

No. 2678.

APPEAL AND ERROR ⊚⟹1050(1)—RAILROADS ⊚⟹481(2)—DAMAGES FROM FIRE—
ACTIONS—EVIDENCE.

In an action against a railroad company to recover the value of cotton destroyed by fire while on a platform adjoining defendant's track, where direct evidence was introduced tending to prove that the cotton was discovered to be on fire shortly after three locomotives had passed, one or more of which was emitting large cinders in unusual quantities, and that there was no means for the fire being set other than by such locomotives, it was error to admit evidence that a few days afterwards an entirely different locomotive, in no way responsible for the injury complained of, emitted large cinders as it was passing such platform, which fell on cotton and scorched it; and the admission of such evidence was prejudicial, as further inquiry should have been limited to the construction, condition, and operation of the locomotives shown to be the only ones by which the fire might have been caused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157, 4166; Dec. Dig. ⊚⟹1050(1); Railroads, Cent. Dig. § 1719; Dec. Dig. ⊚⟹481(2).]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

On rehearing. Former judgment overruled, and judgment of the trial court reversed.

For former opinion, see 218 Fed. 990, 133 C. C. A. 673.

F. H. Prendergast, of Marshall, Tex., for plaintiff in error.

S. P. Jones, of Marshall, Tex. (Wm. Thompson, of Dallas, Tex., on the brief), for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action to recover damages for the destruction, on a date stated, of cotton by fire, which was attributed to sparks from a locomotive or locomotives of the defendant, which were alleged not to have been properly provided with appliances for preventing the escape of sparks or fire; it being also alleged that the defendant did not exercise proper care to keep said locomotives in good and proper condition and repair as regards the escape of fire therefrom, and that its employés in charge of said locomotives negligently and improperly operated them, so as to cause large quantities of sparks and cinders to escape. After the plaintiffs had introduced direct evidence tending to prove that, on the date mentioned, the cotton, which was on a platform adjoining the defendant's track, was discovered to be on fire very shortly after three locomotives of the defendant had passed, one or more of which was seen emitting large cinders in unusual quantities, and that there was no means for the fire being set other than the passing locomotives, they were per-

mitted, over objections duly made by the defendant, to introduce testimony to the effect that two or three days after the fire a locomotive of the defendant, which was admitted not to be either one of the three which passed the platform shortly before the fire was discovered, was seen emitting large cinders, which, as it was passing the platform, fell on cotton and scorched it.

In the case of Grand Trunk Railroad Company v. Richardson, 91 U. S. 454, 23 L. Ed. 356, in which, so far as the report of the case indicates, there was an absence of any direct evidence as to the emission of sparks by either of the two locomotives which passed the scene of the fire shortly before it started, and those locomotives not being identified, it was held that error was not committed in admitting evidence that some locomotives of the same defendant, at other times during the same season, prior to the time of the fire in question, had scattered fire while passing the same place. It seems that there was a necessity in that case to resort to circumstantial evidence to prove that sparks were scattered by either of the two engines which could have started the fire, and it was not made to appear that the scattering of sparks testified to was by a locomotive or locomotives which had no part in causing the fire in question. In the instant case there was direct evidence to support a finding that one or more of the locomotives which, shortly before the fire was discovered, passed the platform upon which the cotton was, then emitted sparks which might have started the fire, and it was admitted that the locomotive which, several days after the fire, was seen emitting large sparks was in no way responsible for the injury complained of.

We are not of opinion that the ruling in the case cited furnishes support for the proposition that evidence is admissible as to the construction, condition or operation, at a date subsequent to the fire complained of, of a locomotive which confessedly did not contribute to the starting of that fire. Where, as in the instant case, the facts of the starting of the fire complained of are so far disclosed by direct evidence introduced by the plaintiffs as to make it apparent that, if it was started by sparks from a passing locomotive, it was so started by one or more of three locomotives which passed shortly before the fire was discovered, further inquiry to support the charge made should be limited to the construction, condition, and operation of those locomotives, so shown to be the only ones by which the fire might have been caused. In such a situation it is apparent that evidence as to the emission of sparks several days later by a locomotive which was admitted not to be either of three which might have started the fire has reference to a matter which is entirely foreign to the issue to be passed on, namely, the negligence vel non of the defendant with reference to the construction, maintenance, or operation of the locomotive or locomotives which might have caused the fire. That evidence could have no logical or rational tendency to prove how those locomotives were constructed, in what state of repair they were, or how they were operated. It could shed no light on the inquiry as to what caused the fire. That evidence as to the excessive emission, several days after the fire in question, of sparks by a locomotive of the defendant which is identified

as one that had no part in causing that fire, is inadmissible to support a charge that the fire was negligently caused by some other locomotive or locomotives of the defendant is supported by reason and by abundant authority. Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 52 C. C. A. 95; Henderson, Hull & Co. v. Philadelphia & Reading R. Co., 144 Pa. 461, 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652; Alabama, G. S. R. Co. v. Johnston, 128 Ala. 283, 29 South. 771; Gibbons v. Wisconsin Valley Railroad Co., 58 Wis. 335, 17 N. W. 132; San Antonio & A. P. Ry. Co. v. Home Insurance Co. of New York (Tex. Civ. App.) 70 S. W. 999; W. A. Morgan & Bros. v. Missouri, K. & T. Ry. Co. of Texas, 50 Tex. Civ. App. 420, 110 S. W. 978; Moose v. Missouri, K. & T. Ry. Co. of Texas (Tex. Civ. App.) 179 S. W. 75; 4 Chamberlayne on Evidence, § 3191.

In another case which grew out of the same fire it has been held that error was not committed in admitting evidence which was substantially the same as that above considered. Texas & Pacific Ry. v. Rosborough, 235 U. S. 429, 35 Sup. Ct. 117, 59 L. Ed. 299; Texas & P. Ry. Co. v. Rosborough, 209 Fed. 205, 126 C. C. A. 299. In that case that evidence was introduced by the plaintiff in rebuttal after the defendant had introduced evidence tending to show that its locomotives were all equipped with a standard spark arrester, and were kept in order and well handled, and it was held to be admissible as rebutting evidence. The ground upon which the admission of the evidence in that case was sustained does not exist in the instant case. Here the testimony complained of was introduced as a part of the evidence by which the plaintiffs undertook to sustain the averments of their petition. The conclusion is that it was not competent for the purpose for which it was offered and admitted, and that the admission of it was prejudicial error.

The judgment is reversed.