# ATLANTIC CITY RAILROAD COMPANY *v.* PARKER.

## ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF NEW JERSEY.

No. 111. Argued November 16, 1916.—Decided December 4, 1916.

In this action for personal injury, governed by the Safety Appliance and Employers' Liability Acts, it is *held*, that the evidence concerning the fitness and efficiency of the automatic couplers in question, and concerning the special condition which existed, as a result of the train's being on a curve when the couplers failed and the accident occurred, did not preclude a reasonable inference that the Safety Appliance Act was not complied with.

When couplers fail to couple automatically on a straight track because of lateral play of the drawheads, the jury may properly infer that such a degree of play was unnecessary and violative of the Safety Appliance Act, in the absence of any satisfactory explanation.

The case is not different where the failure to couple occurs on a curve
if the effect of the curvature may have been negligible.
87 N. J. L. 148, affirmed.

THE case is stated in the opinion.

*Mr. Thomas E. French,* with whom *Mr. Samuel H.
Richards* and *Mr. Charles Heebner* were on the brief, for
plaintiff in error:

The failure of the couplers to couple when the cars are
on a curve and the couplers are not in line will not support
a finding that the Safety Appliance Act has been violated.
Congress did not intend to require the impossible.
*Baugham* v. *New York, Philadelphia & Norfolk R. R. Co.,*
241 U. S. 237; *Morris* v. *St. Louis S. W. Ry. Co.,* 158 S. W.
Rep. 1055. The question here was left open in *San
Antonio & Aransas Pass Railway Co.* v. *Wagner,* 241
U. S. 476. The case of *St. Louis & San Francisco R. R.
Co.* v. *Brown,* 241 U. S. 223, is distinguishable because
there the engineer was negligent and the plaintiff did not
assume that risk.

Here there was no negligence of the engineer, plaintiff
himself directed the movements of the engine, the couplers
admittedly were in no way defective, and there was no
evidence that defendant could have provided better or
safer appliances. Therefore the court should have granted
a nonsuit, under the New Jersey practice, or directed a
verdict.

As the evidence stood, the real question concerned the
meaning of the Act. The court should not have submitted
this to the jury.

The court erred in not granting defendant's request for
instructions to the effect that if the jury found the coupler
such as would couple automatically by impact and that
it was in order, then plaintiff assumed the risk and could
not recover, and to the effect that if they found the de-
fendant could have reasonably anticipated the result of

putting his hand on the coupler while the engine was coming back under signal, it was a risk of his employment known to him which he assumed and the verdict must be for the defendant.

*Mr. David O. Watkins* for defendant in error:

The duty to supply automatic couplers (including proper drawheads), which comply with the standard of the Safety Appliance Act, is absolute. *St. Louis & Iron Mountain Ry. Co.* v. *Taylor,* 210 U. S. 282; *Chicago, Burlington & Quincy Ry. Co.* v. *United States,* 220 U. S. 559. The couplers must work at all times and under all conditions. It is not an excuse that they will operate properly on straight track; they must operate on curves as well. *Chicago, Rock Island & Pacific Ry. Co.* v. *Brown,* 229 U. S. 317; *Dilk* v. *St. Louis & San Francisco R. R. Co.,* 220 U. S. 580; *United States v. Illinois Central R. R. Co.,* 177 Fed. Rep. 801; *Texas & Pacific Ry. Co.* v. *Rigsby,* 241 U. S. 33; *Johnson* v. *Southern Pacific Co.,* 196 U. S. 1; *Norfolk & Western R. R. Co. v. Hazelrigg,* 184 Fed. Rep. 828.

The evidence shows conclusively that the couplers did not work at the time of the attempted coupling. It was for the jury to determine whether the couplers would couple automatically.

It was negligence for defendant's employés to leave the uncoupled train in such position that the couplers would not operate.

Under the Liability Act contributory negligence is but a partial defence.

Mr. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendant in error to recover for the loss of an arm crushed while he was coupling a tender to a car. There is no dispute that the case is governed by the Acts of Congress—the Safety Appliance Act of March 2, 1893, c. 196, §§ 2, 8; 27 Stat. 531,

and the Employers' Liability Act of April 22, 1908, c. 149, §§ 3, 4; 35 Stat. 65. The facts material here are few. The engine had backed for the purpose of coupling with the car and had failed to couple automatically by impact. Thereupon the plaintiff, noticing that the drawhead was not in line with the one on the engine, put in his arm for the purpose of straightening it and thus making the coupling possible, and was caught. An exception was taken to the refusal of a ruling that no negligence was shown on the part of the Railroad Company, but the Court of Errors and Appeals affirmed the judgment of the court below. 87 N. J. L. 148.

If there was evidence that the railroad failed to furnish such "couplers coupling automatically by impact" as the statute requires (*Johnson* v. *Southern Pacific Co.*, 196 U. S. 1, 18, 19), nothing else needs to be considered. We are of opinion that there was enough evidence to go to the jury upon that point. No doubt there are arguments that the jury should have decided the other way. Some lateral play must be allowed to drawheads, and further, the car was on a curve, which of course would tend to throw the coupler out of line. But the jury were warranted in finding that the curve was so slight as not to affect the case and in regarding the track as for this purpose a straight line. If couplers failed to couple automatically upon a straight track it at least may be said that a jury would be warranted in finding that a lateral play so great as to prevent coupling was not needed, and that, in the absence of any explanation believed by them, the failure indicated that the railroad had not fully complied with the law. *Chicago, Burlington & Quincy Ry. Co.* v. *United States*, 220 U. S. 559, 571. *Chicago, Rock Island & Pacific Ry. Co.* v. *Brown*, 229 U. S. 317, 320, 321. *San Antonio & Aransas Pass Ry. Co.* v. *Wagner*, 241 U. S. 476, 484.

*Judgment affirmed.*