OVERSTREET v. NORFOLK & W. RY. CO.

(Circuit Court of Appeals, Fourth Circuit. December 21, 1916.)

No. 1475.

1. MASTER AND SERVANT ☞286(12)—INJURIES TO SERVANT—EVIDENCE—LIABILITY OF MASTER.

In an action under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1913, §§ 8657–8665) for the death of a railroad hostler, alleged to have been caused by a defect in the coupler of a locomotive, evidence of the plaintiff *held* sufficient to warrant submission to the jury, so that it was error to direct a verdict for defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1019; Dec. Dig. ☞286(12).]

2. APPEAL AND ERROR ☞970(2)—REVIEW—DISCRETION OF COURT.

The admission or exclusion of testimony on objection that it is too remote is largely within the discretion of the trial court, and its exclusion does not require reversal, though the appellate court is of the opinion it should have been admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3850; Dec. Dig. ☞970(2).]

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

Action by Lola M. Overstreet, administratrix of R. S. Overstreet, deceased, against the Norfolk & Western Railway Company. Judgment for defendant on directed verdict, and plaintiff brings error. Reversed and remanded, with instruction to grant a new trial.

Abram P. Staples and A. B. Hunt, both of Roanoke, Va., for plaintiff in error.

Roy B. Smith and Waller R. Staples, both of Roanoke, Va. (F. Markoe Rivinus and Theodore W. Reath, both of Philadelphia, Pa., on the brief), for defendant in error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. On October 19, 1915, R. S. Overstreet, a hostler in the employ of defendant in error, was caught between the couplers of two locomotives, which he was presumably attempting to couple together, and so badly hurt that he died a few hours afterwards. There was no eyewitness of the accident, and how or why it happened can only be inferred from the surrounding circumstances. His administratrix brought suit under the Employers' Liability Act, alleging that the coupler on one of the locomotives, or some part of it, was out of order, and that this was the proximate cause of Overstreet's death. The trial court directed a verdict for defendant, and the case comes here on writ of error.

[1] We are of opinion, after painstaking study of the testimony, that enough was shown on behalf of the plaintiff to warrant submission to the jury, and it was therefore error to direct a verdict for the defendant. C., B. & Q. Ry. Co. v. United States, 220 U. S. 559, 571, 31 Sup. Ct. 612, 55 L. Ed. 582; C., R. I. & P. Ry. Co. v. Brown, 229 U. S. 317, 321, 33 Sup. Ct. 840, 57 L. Ed. 1204; Myers v. Pittsburgh Coal Co., 233 U. S. 184, 34 Sup. Ct. 559, 58 L. Ed. 906; San Antonio & Aransas Pass Ry. Co. v. Wagner, 241 U. S. 476, 484, 36 Sup. Ct. 626, 60 L. Ed. 1110; and Atlantic City R. Co. v. Parker, 37 Sup. Ct. 69, decided by the Supreme Court December 4, 1916. As the case presented seems exceedingly close, we purposely refrain from stating the reasons for our conclusion, in order that neither party may be prejudiced, in the event of another trial, by any comments we might make upon the evidence here of record.

[2] As to the rejected proof offered by the plaintiff, it is perhaps sufficient to remark that in a case like this the admission or exclusion of testimony, upon the objection that it is too remote, is largely within the discretion of the trial judge, and that we would not feel called upon to reverse the judgment herein on account of the ruling in question. At the same time, as the case now appears, we think that the testimony offered was competent, and should have been admitted. Texas & Pacific R. Co. v. Rosborough, 235 U. S. 429, 35 Sup. Ct. 117, 59 L. Ed. 299.

The judgment will be reversed, and the case remanded, with instructions to grant a new trial.

Reversed.