## TEXAS & P. RY. CO. v. SPROLE.
### (No. 1878.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 26, 1918. Rehearing Denied Feb. 28, 1918.)

1. MASTER AND SERVANT ⊂⊃278(6) — FEDERAL SAFETY APPLIANCE ACT — EVIDENCE OF VIOLATION.

Plaintiff's testimony that he made repeated attempts and failed to open a coupler knuckle, by pulling and jerking the lever or by pulling it with his hands, shows violation of the federal Safety Appliance Act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1916, §§ 8605–8612]).

2. MASTER AND SERVANT ⊂⊃293(12)—FEDERAL SAFETY APPLIANCE ACT—INSTRUCTIONS.

In action for injuries to brakeman in coupling, instruction that the railroad's duty was to have its cars coupled with couplers which would couple automatically without the necessity of going between them "to arrange the cou-

pling appliances" was not improper, as confusing the two acts of preparation of the coupler for impact and the actual coupling, since both acts were part of a larger act regulated by the federal Safety Appliance Act of March 2, 1893.

3. COMMERCE ⊂⊃27(1) — INJURIES TO SERVANTS—FEDERAL SAFETY APPLIANCE ACT.

In view of the federal Safety Appliance Act (Act March 2, 1903, c. 976, 32 Stat. 943 [U. S. Comp. St. 1916, § 8613]), making the act applicable to all cars "used on any railroad engaged in interstate commerce," mere fact that the car at the moment of the injury was not engaged in interstate commerce did not preclude recovery, where the railroad was engaged in interstate commerce.

4. COMMERCE ⊂⊃27(7)—FEDERAL SAFETY APPLIANCE ACT—LOCATION OF CARS.

The mere fact that a car was not on the main track of the railroad at the time of the injury, but on a special track used to carry freight to the plant of a refining company, did not relieve railroad of liability under the Safety Appliance Act of March 2, 1893, for a defective coupling causing the injury.

5. MASTER AND SERVANT ⊂⊃86 — FEDERAL SAFETY APPLIANCE ACT—RIGHT TO SUE.

In servant's action for injuries due to violation of federal Safety Appliance Act of March 2, 1893, the master's liability was enforceable in the courts of Texas, without reference to the laws of Louisiana, in which state the tort occurred.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by O. J. Sprole against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellant, as a common carrier engaged in interstate commerce, operated a line of railway from New Orleans, in Louisiana, to El Paso, in Texas. Appellee was a brakeman on one of appellant's freight trains. While attempting to open the knuckle of a coupler on a car forming a part of said train, as a result of a collision between that car and another one in the train, appellee's hand was so crushed and injured as to necessitate the amputation thereof above the wrist. Charging that the injury he suffered was due to a violation by appellant of the federal Safety Appliance Act (U. S. Comp. Stat. § 8605 et seq.), in that the coupler he was endeavoring to adjust was not in accordance with its requirement, appellee sued appellant for damages, and recovered the judgment of $12,500, from which the appeal is prosecuted.

The circumstances of the accident, briefly stating them, were as follows: December 15, 1915, appellant hauled a train, consisting of 40 cars loaded with sugar cane, from Addis, in Louisiana, to a sugar refinery near Plaquemine, in the same state. The train was carried over appellant's main line track from Addis to Plaquemine, and over a spur track from Plaquemine to the refinery. The cars forming the train were weighed on scales near the refinery. In weighing them the cars were pushed one by one, beginning with the one farthest from the engine, onto the scales and there stopped. It was the

duty of a brakeman named Meyers to uncouple the car when it stopped from the one next to it toward the engine, and after doing so to close the knuckle of the coupler, so the car would not couple to the one pushed against it, to move it off the scales when weighed. It was appellee's duty, when a car, having been weighed, was pushed off the scales, as it moved away from same, to open the knuckle closed by Meyers, by means of a lever provided for the purpose, so that the car would couple to the one next weighed and pushed against it. After five or six of the cars had been weighed and pushed off the scales, and on down the track, the car in question was weighed and pushed off the scales. As it passed down the track appellee attempted to open the knuckle, but could not. He called, he said, to the conductor, who was 75 to 100 feet away, directing the weighing of the cars, and told him he could not get the knuckle to open. Another car was then on the scales, and the conductor replied, "Go ahead; we will get it after a while." After four or five more of the cars had been weighed appellee called to the conductor and asked him to hold the cars yet to be weighed until he could go to the one with the defective coupler and see what he could do with the knuckle which he failed to open as the car passed from the scales. The conductor replied, appellee said, "All right; go ahead and get it." Appellee then went to the car, and while he was endeavoring, by using the lever and his hands, to open the knuckle, other cars were pushed against the one he was at work on, injuring him as stated.

F. H. Prendergast, of Marshall, for appellant. S. P. Jones, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] 1. Appellant insists that the testimony relied on to show that the coupler was defective was not sufficient to support a finding that it violated the federal Safety Appliance Act (U. S. Comp. Stat. § 8605 et seq.) in using the car. The testimony was that pulling on the lever would have opened the knuckle of the coupler, if it had been in good condition. Appellee testified that he made repeated attempts, and failed to open the knuckle by pulling and jerking the lever, and also was unable to open it by pulling it with his hands. Such testimony has repeatedly been held to be sufficient to show a violation of the act. Railway Co. v. Brown, 229 U. S. 317, 33 Sup. Ct. 840, 57 L. Ed. 1204; Railway Co. v. Gotschall, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. Ed. 995; Railway Co. v. Parker, 242 U. S. 56, 37 Sup. Ct. 69, 61 L. Ed. 150; Railway Co. v. Wagner, 241 U. S. 476, 36 Sup. Ct. 626, 60 L. Ed. 1110.

[2] 2. Appellant also insists that, if the testimony was sufficient to support a finding that it had violated the Safety Appliance Act, the court erred to its prejudice in submitting the question to the jury when he told them it was its duty to have its cars equipped with couplers which would couple automatically without the necessity of going between them "to arrange the coupling appliances." The criticism of the instruction is, we think, sufficiently answered by an excerpt from the opinion of the Circuit Court of Appeals in Railway Co. v. Voelker, 129 Fed. 522, 65 C. C. A. 226, 70 L. R. A. 264, as follows:

"The contention that the preparation of the coupler for the impact is distinct from the act of coupling is a mistaken attempt to separate a part of an act from the whole. The preparation of the coupler and the impact are not isolated acts, but connected and indispensable parts of the larger act, which is regulated by these statutes, and the performance of which is intended to be relieved of unnecessary risk and danger."

[3] 3. Appellant further insists that, if the coupler was defective, liability on its part could not be referred to a violation by it of the Safety Appliance Act, because it appeared that the car in question was not at the time appellee was injured being used in or in connection with interstate commerce. The answer to this is that it was expressly provided in Act March 2, 1903 (U. S. Comp. Stat. § 8613), that the Safety Appliance Act, with an exception which need not be stated, should be held to apply to all cars "used on any railroad engaged in interstate commerce." The car in question was used on appellant's line of railway, which was engaged in interstate commerce. Railway Co. v. United States, 222 U. S. 20, 32 Sup. Ct. 2, 56 L. Ed. 72; Railway Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 473, 58 L. Ed. 1051, Ann. Cas. 1914C, 163.

[4] 4. It is next insisted that appellant could not be held to be liable as for a violation of said act because the car in question was not on its main track at the time stated, but was on a spur track used by it for the purpose alone of transporting freight from its main line track to the plant of a refinery company situated about a mile away and from said plant to its main line track. As we understand it, the contrary of the contention was determined to be the law in Railway Co. v. United States, cited above, and Railway Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874.

[5] 5. While the injury to appellee occurred in the state of Louisiana, his claim of liability to him therefor on the part of appellant was not predicated upon the laws of that state. The liability he sought to enforce was created by an act of Congress, to wit, the Safety Appliance Act before referred to. Railway Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874; Railway Co. v. Layton, 243 U. S. 617, 37 Sup. Ct. 456, 61 L. Ed. 931. We think that liability was enforceable in the courts of this state without reference to the laws of Louisiana, and that the rule which requires effect to be given to the laws of the state in which a tort occurs in deter-

mining the liability of a tort-feasor has no application to the case.

The assignments not disposed of by what has been said also are overruled, as we think none of them presents a reason why the judgment should be reversed.

The judgment is affirmed.