### TENNESSEE, A. & G. R. CO. v. DRAKE.

(Circuit Court of Appeals, Fifth Circuit.  October 26, 1921.)

No. 3718.

1. **Master and servant** ⬤➡129(6)—**Defective automatic couplers held "proximate cause" of injury to brakman coupling by hand.**

Where a brakeman was injured while between cars making a coupling because the automatic coupler after three trials failed to work, the defective coupler *held* the "proximate cause" of the injury within the Safety Appliance Act (Comp. St. §§ 8605–8612).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

2. **Master and servant** ⬤➡111(1½)—**Safety Appliance Act applicable to cars on curve.**

The fact that cars were on a slight curve when a brakeman was injured in making a hand coupling because the automatic coupler failed to work *held* not to render Safety Appliance Act (Comp. St. §§ 8605–8612) inapplicable.

3. **Appeal and error** ⬤➡216(1), 263(1)—**Failure to except to charge or to request an instruction waiver of error.**

A party cannot assign error on the charge given where he did not except to it nor request an instruction on the issue.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by W. M. Drake against the Tennessee, Alabama & Georgia Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 268 Fed. 248.

Samuel B. Smith, of Chattanooga, Tenn., and G. E. Maddox, of Rome, Ga., for plaintiff in error.

George Westmoreland, Sidney Smith, and John L. Westmoreland, all of Atlanta, Ga., for defendant in error.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Defendant in error, herein called plaintiff, sued plaintiff in error, herein called defendant, to recover damages for personal injury to himself. Plaintiff was an employee of defendant and at the time of his injury was engaged in making a coupling of two cars on a side track.

The petition is based upon the Safety Appliance Act, 27 Statutes at Large, 531 (Comp. St. §§ 8605–8612), in that the cars failed to couple automatically by impact, and also upon the Employers' Liability Act, 35 Statutes at Large, 65 (Comp. St. §§ 8657–8665), in that the engineer, knowing the plaintiff was between the cars, negligently and violently backed his train without signal, and without notice or warning to him. Three unsuccessful attempts were made to couple the train with the automatic couplers, and thereupon plaintiff went in between the cars to attach the safety chains, and was injured while doing so by the backing of the train. There was conflict in the evidence as to whether the curve upon which the coupling was attempted was a slight one or a sharp one. It is also disputed whether plaintiff gave the signal for the engineer to take slack, plaintiff denying that he did so, while, on the other hand, a witness for defendant, regularly employed as a brakeman on another train, testified that he gave the signal to take slack at plaintiff's request. There was also evidence that the backing of the train was violent and went beyond the taking up of slack. According to plaintiff's testimony, the engineer knew plaintiff went between the cars to attach the safety chains, after the automatic couplers had failed to work.

The court charged the jury upon the two statutes above mentioned, and there was judgment for plaintiff.

[1] It is contended that the Safety Appliance Act is inapplicable to the facts of the case, because it is said that at the time of his injury plaintiff was not attempting to make use of the automatic couplers, and that therefore any defect in them was not the proximate cause.

We are of opinion that the failure of the couplers to couple was the proximate cause of the injury, because it was the dominating cause. If the couplers had worked, there would have been no occasion for plaintiff to go between the cars for the purpose of making use of the safety chains. It is true he was injured after the automatic couplers required by the act of Congress had failed to work, but that is when such accidents usually occur.

[2] It is further contended in this connection that the Safety Appliance Act does not apply when cars intended to be coupled up are on a curve, but only when they are on a straight track.

It may be that the Supreme Court has not definitely held that couplers must work on sharp curves, although it was assumed in Railway Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061, that the act applies even then.

The jury was entitled to find from the evidence that the curve was a slight one, because there was evidence to that effect. In such a

case we are of opinion that the Safety Appliance Act is involved, and that it has been so held in Atlantic City Railroad Co. v. Parker, 242 U. S. 56, 37 Sup. Ct. 69, 61 L. Ed. 150. In that case the coupler would not work on a slight curve, and the court gave the Safety Appliance Act in charge to the jury, as is apparent from the opinion of the Court of Errors and Appeals of New Jersey, reported in Parker v. Atlantic City R. Co., 87 N. J. Law, 148, 93 Atl. 574, and the Supreme Court of the United States held it was proper to do so.

By reason of the fact that a signal was given to the engineer, although not by plaintiff, but by a brakeman who claimed to act for him, it is contended that the negligence, if any, was that of the brakeman and not of the engineer. But there was testimony that the brakeman was a member of another train crew, and it is in dispute whether he had anything to do with the switching operation then in progress. Besides, as already pointed out, there was conflict in the evidence upon the point whether the engineer obeyed the signal merely to take slack, or backed his train more violently than was necessary.

[3] Error is assigned also for failure to give a proper charge upon the law of assumption of risk. The court charged the jury that under the common law one who "willingly chooses a dangerous thing or position or a way of doing a thing assumes the risk of it." Defendant did not except to this charge at the time it was given, and did not submit a request of its own. Under these circumstances, defendant is not in a position to assign error upon the charge given, or upon a refusal to charge upon that question.

On the whole, the issues were fairly submitted to the jury, and the judgment is affirmed.