## AUCHENBACH v. PHILADELPHIA & R. RY. CO.

(Circuit Court of Appeals, Third Circuit. September 29, 1925.)

No. 3162.

1. Negligence ☞101—Employee's contributory negligence no defense under federal act, unless sole cause of injury.

In an action against a railroad company for injury to an employee, under Employers' Liability Act, § 3 (Comp. St. § 8659), it is only where plaintiff's negligence was the sole cause of his injury that defendant is free from liability.

2. Master and servant ☞129(6), 228(2)—Violation of Safety Appliance Act held proximate cause of injury, precluding defense of contributory negligence.

Where two cars equipped with automatic couplers failed to couple by impact, making it necessary for plaintiff, a brakeman, to go between the cars to adjust one of the couplers which failed to act, and owing to a mistake in signals he was caught between the cars and injured, the proximate cause of the injury was the violation by the railroad company of Safety Appliance Act, § 2 (Comp. St. § 8606), by failing to have its cars properly equipped, and under Employers' Liability Act, § 3 (Comp. St. § 8659), any contributory negligence of plaintiff is to be disregarded.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by William A. Auchenbach against the Philadelphia & Reading Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

Samuel Schneider, of Weehawken, N. J. (Humphrey J. Lynch, of White Plains, N. Y., of counsel), for plaintiff in error.

Edward L. Katzenbach (of Katzenbach & Hunt), of Trenton, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. At the conclusion of the evidence in this case, the trial judge directed a verdict for the Philadelphia & Reading Railway Company, defendant, on the ground that it was not guilty of negligence, and that the proximate cause of the accident was due to the plaintiff's own negligence in going between two cars in a careless and negligent manner.

The plaintiff had been employed by defendant as a brakeman for about 2 years and 7 months. On the night in question he was acting as conductor. His train had brought 12 or 13 cars from Front street, Philadelphia, to the Broad street yard, where it had stopped on a sharp incline. The crew of the train consisted of the plaintiff conductor, an engineer, fireman, head brakeman, and flagman.

While on this incline the engine, with 3 cars, was cut off and placed on a track called the north-bound track. Several other cars from another track, and also from those left on the incline, were coupled to the cars attached to the engine. The plaintiff opened the knuckle of the coupler on the rear end of this train, so that it would couple with 3 more cars soon to be brought down from another track. They came down and struck the knuckle pretty hard, but the pin of the drawhead of the approaching cars would not drop, and so the coupling was not effected. It was then about 7 o'clock in the evening and dark.

The plaintiff, by means of his lantern, signaled the brakeman or "front man (who was standing on top of the cars near the engine) to give the engineer a signal to ease ahead." He did so, and the cars moved a distance of 1½ or 2 car lengths, and stopped upon a signal from the plaintiff. The plaintiff then opened the knuckle on the coupler of the last car of the train attached to the engine, and went to the coupler on the other section, and tried to close it by shaking and slamming it with one hand, while holding his lantern with the other, but it would not close and the pin would not drop. At this time the section of the train attached to the engine moved back without warning him, and caught his left arm from the "wrist up to the elbow" between "the two coupling equipments," and so severely crushed it that it had to be amputated above the elbow.

This unfortunate accident seems to have occurred through a mistake in signals. Another train was drilling on the south-bound track near or opposite plaintiff's train. A brakeman belonging to the other train was on the ground between the tracks near the place where plaintiff had given signals. At the time the plaintiff was trying to get the coupler pin to drop, the brakeman of the other train signaled his engineer to back

up. The head brakeman of plaintiff's crew, who had been giving signals to his engineer, not knowing that plaintiff had gone between the cars, thought that the plaintiff had given the signal, and so he in turn gave it to his engineer, who backed his train, which caught the arm of the plaintiff.

The plaintiff brought this suit for damages, and alleged that defendant was engaged in interstate commerce at the time and place and carelessly and negligently injured him because of its failure to comply with the requirements of the federal Employers' Liability Act (Comp. St. §§ 8657–8665) and the Safety Appliance Act (Comp. St. §§ 8605–8623) in providing suitable and proper safety appliances. The defendant traversed these allegations.

"The careless and negligent manner in which" plaintiff went between the cars was his failure to leave his lantern sitting outside the rails when he went between the cars, as the custom was alleged to have been. Plaintiff admitted that, when railroad employees went between cars at night, they generally left their lantern sitting outside the rails, but said that it was necessary to take his with him that night, in order to see the coupler which he was trying to adjust.

Did the trial judge err in holding as a matter of law that defendant was without negligence and did not violate the Safety Appliance Act with respect to the coupling equipment? He based this conclusion on his finding that "the proximate cause of this accident was the negligence of the plaintiff himself in going between the cars in the careless and negligent manner in which he did."

Section 2 of the Safety Appliance Act (Comp. St. § 8606) provides that:

"It shall be unlawful for any such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

The test of compliance with this act is whether or not cars equipped with couplers will couple automatically by impact. The testimony is clear that the cars, between which the plaintiff went, came together pretty hard and did not couple. This necessitated, in the mind of the plaintiff, going between the cars in order to close the knuckle and shake down the pin, which would or did not drop. Assuming, as the court found, that going between the cars, without leaving his lantern outside the tracks, to shake down the pin of the coupler, constituted negligence on the part of the plaintiff, was that a sufficient ground on which to direct a verdict against him, in view of the fact that the coupler apparently did not comply with the requirements of the act?

[1] We are of opinion that the failure of the coupler to couple automatically by impact was the proximate or dominating cause of the injury, for, if it had coupled, there would have been no need of going between the cars. It is only when the plaintiff's negligent act is the sole cause of the injury that the defendant is free from liability under the act. If plaintiff's negligence is only a contributing cause, it merely diminishes the damages under the Employers' Liability Act under which this case was brought. Tennessee A. & G. R. Co. v. Drake (C. C. A.) 276 F. 393; Grand Trunk Western Railway Co. v. Lindsay, 201 F. 836, 120 C. C. A. 166, affirmed in 233 U. S. 42, 34 S. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168.

[2] A violation of the Safety Appliance Act is itself negligence within the meaning of the Employers' Liability Act, and by the provision of section 3 of that act (Comp. St. § 8659) no employee injured or killed shall be held to have been guilty of contributory negligence in any case where a violation of the Safety Appliance Act contributed to the injury of such employee. Where plaintiff's contributory negligence and defendant's violation of a provision of the Safety Appliance Act are concurring proximate causes, the Employers' Liability Act requires the former to be disregarded. San Antonio & Aransas Pass Railway v. Wagner, 241 U. S. 476, 36 S. Ct. 626, 60 L. Ed. 1110; Spokane & Inland Empire R. Co. v. Campbell, 217 F. 518, 133 C. C. A. 370; Id., 241 U. S. 497, 509, 36 S. Ct. 683, 60 L. Ed. 1125; Chicago Great Western R. Co. v. A. D. Schendel, 267 U. S. 287, 45 S. Ct. 303, 69 L. Ed. 614.

The evidence tended to show that the coupler did not couple automatically by impact, and so did not comply with the requirements of the act. It should have been left to the jury under proper instructions to determine whether or not the defendant violated the Safety Appliance Act, and, if the jury found that it did, then the alleged contributory negligence of the plaintiff would have been eliminated. Under the evidence the questions of the negligence of defendant and the contributory negligence of the plaintiff were for the determination

of the jury, and so it was error for the court to determine them as a matter of law.

The judgment is reversed, and a new trial granted.