## PHILADELPHIA & R. RY. CO. v. AUCHENBACH.*

(Circuit Court of Appeals, Third Circuit. December 7, 1926.)

No. 3460.

1. **Master and servant** ⊙⟿129(6)—**Liability for injury to employee may depend on whether violation of Safety Appliance Act was proximate cause (Comp. St. § 8605 et seq.).**

In actions for personal injury, under Employers' Liability Act (Comp. St. §§ 8657–8665), based on alleged violation of the Safety Appliance Act (Comp. St. § 8605 et seq.), in given situations liability may depend on whether or not such violation was the proximate cause of the injury.

2. **Master and servant** ⊙⟿129(6)—**Where violation of Safety Appliance Act was efficient cause of injury to employee, question of proximate cause does not arise (Employers' Liability Act [Comp. St. §§ 8657–8665]).**

Where a brakeman was injured when he went between cars to make a coupling, because the couplers with which the cars were equipped failed to couple by impact, as required by Safety Appliance Act, § 2 (Comp. St. § 8606), the violation of the Act was at last one of the efficient causes of the injury, within Employers' Liability Act (Comp. St. §§ 8657–8665), and the question of proximate cause does not arise.

3. **Master and servant** ⊙⟿111(1½)—**Failure of couplers at any time to couple by impact sustains charge of violation of Safety Appliance Act (Comp. St. § 8605 et seq.).**

The duty to equip cars with couplers that will couple automatically by impact, imposed by Safety Appliance Act, § 2 (Comp. St. § 8606), is absolute, and failure of a coupler to work at any time sustains a charge of violation of the act.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Action at law by William A. Auchenbach against the Philadelphia & Reading Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Certiorari denied 47 S. Ct. 476, 71 L. Ed. ——.

Louis Rudner, of Trenton, N. J., for plaintiff in error.

Samuel Schneider, of Union City, N. J. (Humphrey J. Lynch, of New York City, and Sol Gelb, of White Plains, N. Y., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This case, tried twice, is now under review on the second writ of error. For the facts in detail we refer to our opinion on the first writ of error. Auchenbach v. P. & R. Ry. Co. (C. C. A.) 8 F.(2d) 350. The evidence, substantially the same at both trials, developed undisputed facts which, stated very briefly, are as follows:

A coupling was about to be made between two drafts of freight cars, one standing alone and the other attached to an engine. The plaintiff, rear brakeman of the train crew, stood ready to complete the connection. It was dark. When the moving draft came against the standing draft, the contacting couplers did not couple. The plaintiff, discovering that the pin had not dropped, reached in and worked on it ineffectually for about three minutes, when he gave the "go ahead" signal, which was taken up by the head brakeman and by him relayed to the engineer. After the forward draft had drawn ahead a short distance and had stopped, the plaintiff went between the cars with his lantern in his right hand and tried to work the coupler with his left hand. As the pin would not go down he reached "inside the coupler to see what was the matter" and "worked [the coupler] in and out and in and out." While so engaged, the forward draft moved back in response to a signal, given by the rear brakeman of a train on the next track, which the head brakeman on the plaintiff's train, mistaking it for a signal from him, repeated to his engineer. The left hand of the plaintiff was caught between the two couplers. They did not couple. After the plaintiff had been removed the crew attempted a third coupling. This was effected on impact.

In this action under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665), the plaintiff charged against the defendant several acts of negligence, among them a violation of the Safety Appliance Act. Section 2, 27 Stat. 531. Comp. Stat. § 8606. At the trial the plaintiff withdrew all charges of negligence against the defendant save its violation of the Safety Appliance Act and went to trial on that issue alone. The defendant railroad company, declining to be held to this sin-

gle issue, took the position that, "Even assuming the existence of evidence of violation of the Act, such evidence or proof by themselves would not attach legal responsibility to the Railroad Company unless such violation was the proximate cause of the injury suffered and that the question of proximate causation should be submitted to the jury along with evidence of the violation of the Act," and it offered to prove that under one of its rules the plaintiff when going between cars at night should have left his lantern outside on the ground in view of other members of the crew and that his violation of this rule constituted negligence on his part which was the proximate and sole cause of his injury.

The learned trial judge conformed his rulings on evidence and instructions in the charge to what he conceived to be this court's direction in its opinion on the first writ of error and, accordingly, restricted the trial to the issue of the defendant's alleged violation of the Safety Appliance Act (Comp. St. § 8605 et seq.) and instructed the jury that if they should find there was a violation of the Act, liability would thereby attach to the defendant without regard to negligence on the part of the plaintiff.

[1] We think, in the circumstances, the learned trial judge was right. But we shall not stop here and thus summarily dispose of the case, for the law in given situations does raise the question of liability for violating the Safety Appliance Act according as the violation is or is not the proximate cause of the injury. We reviewed at length cases of this kind in our opinion in P. & R. R. Co. v. Eisenhart (C. C. A.) 280 F. 271. Of these, the case of St. Louis & S. F. Railroad Co. v. Conarty, 238 U. S. 243, 35 S. Ct. 785, 59 L. Ed. 1290, is an instance when a question of proximate causation arises on an issue of negligence under the Safety Appliance Act, for there the brakeman sustained his injury not when using appliances required by the act for his safety but when riding on the front of an engine and coming into collision with a standing car whose coupler and drawbar had, in violation of the Act, been removed, when, had they been in place, the contact and resultant injury would not have occurred. And so in Lang v. New York Central R. R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729, and L. & N. R. R. Co. v. Layton, 243 U. S. 617, 37 S. Ct. 456, 61 L. Ed. 931, the question arose whether, looking to the proximate cause, the case was within the statute.

But in the case at bar, viewed from the kind of work in which the plaintiff was engaged—a coupling operation—there can be no question that he was squarely within the class of employees to whom, when doing that work, the law intends to insure protection. Chicago G. W. R. R. Co. v. Schendel, 267 U. S. 287, 45 S. Ct. 303, 69 L. Ed. 614. The defendant, however, to put the issue of proximate cause into the case, took the position, and still urges, that the Safety Appliance Act stopped and the protection it afforded the plaintiff ended when the couplers (because of a violation of the Act) failed to couple on the first impact, and that the Safety Appliance Act being thus out of the case, the plaintiff himself was from that moment solely responsible for what happened as a result of his failure to observe the Company's rule to leave his lantern on the ground before going between the cars. Clearly the Safety Appliance Act did not disappear from the case when its violation was first observed by the failure of the couplers to couple automatically by impact. When the couplers failed thus to couple, there arose the very danger against which the Act affords protection, the evil against which its provisions for safety appliances are directed. St. Louis & San Francisco R. R. Co. v. Conarty, supra; Chicago G. W. R. R. Co. v. Schendel, supra. The Safety Appliance Act "was intended to provide against the risk of coupling and uncoupling and to obviate the necessity of men going between the ends of the cars." Lang v. New York Central R. R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729. When that necessity arises with its risk of personal injury, the intention of the Act is defeated and the law, if violated, extends to the consequences.

[2] The plaintiff in the instant case went between the cars to prepare for another attempt to couple only because the couplers did not at first couple automatically by impact, that is, "Because the equipment of the car which it was necessary to [couple] did not meet the statutory requirements especially intended to protect him in his position." Chicago G. W. R. R. Co. v. Schendel, supra; Tennessee A. & G. R. R. Co. v. Drake (C. C. A.) 276 F. 393. If his act amounted to negligence it was no more than contributory negligence which was removed from consideration by the Act. Chicago G. W. R. R. Co. v. Schendel, supra; Auchenbach v. P. & R. R. Co., supra. Moreover, it is the law that a violation of the Act need not be the sole efficient cause in order that an action may lie. So also the element of proximate cause is eliminated where concurrent acts of the employer and employee contribute to the injury. Spokane & Island E. R. Co. v. Campbell, 241 U. S. 497, 510, 36 S. Ct. 683, 60 L. Ed. 1125; Pless v. New York

Central R. R. Co., 189 App. Div. 261, 179 N. Y. S. 578, affirmed, 232 N. Y. 523, 134 N. E. 555. In this situation, where there was nothing to show that the plaintiff's contributory negligence, if any, was other than negligence concurrent with that of the defendant, it follows that an issue of the plaintiff's contributory negligence with its underlying issue of proximate cause was eliminated from the case and, in consequence, evidence to prove it was properly rejected. Southern R. R. Co. v. Crockett, 234 U. S. 725, 34 S. Ct. 897, 58 L. Ed. 1564; Great Northern R. R. Co. v. Otos, 239 U. S. 349, 36 S. Ct. 124, 60 L. Ed. 322; T. & P. R. R. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874; Atlantic City R. R. Co. v. Parker, 242 U. S. 56, 37 S. Ct. 69, 61 L. Ed. 150; Union Pacific R. R. Co. v. Huxoll, 245 U. S. 535, 38 S. Ct. 187, 62 L. Ed. 455.

Returning to the position which the court assumed and maintained at the trial, that the only issue for the jury was the negligence of the defendant in violating the Safety Appliance Act, the defendant says, even so, there was no evidence of negligence on which to submit the case; while there was evidence that the couplers were in good condition and that on the next impact after the accident they coupled automatically.

[3] The defendant's negligence, if any, consisted in violating a duty imposed by statute. The statute made it obligatory upon the defendant to equip its cars with safety appliances of a kind defined by their operation, namely, couplers that will couple automatically by impact. That duty is absolute and unqualified and contemplates the maintenance of such appliances in working condition "at all times." P. & R. R. Co. v. Eisenhart (C. C. A.) 280 F. 271, 276, and cases cited. The test of the observance of this duty is the performance of the appliances. "The failure of a coupler to work at any time sustains a charge that the Act has been violated." St. L., I. M. & S. R. Co. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061; C., B. & Q. R. R. Co. v. United States, 220 U. S. 559, 31 S. Ct. 612, 55 L. Ed. 582; San Antonio & Arkansas P. R. Co. v. Wagner, 241 U. S. 476, 36 S. Ct. 626, 60 L. Ed. 1110; Chicago, R. I. & Pac. Ry. Co. v. Brown, 229 U. S. 317, 320, 33 S. Ct. 840, 57 L. Ed. 1204; Auchenbach v. P. & R. R. Co. (C. C. A.) 8 F.(2d) 350, 351; M. & St. L. R. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995. Applying this test to the evidence which shows the failure of the couplers to couple and the difficulty the plaintiff had in pushing the pin down and working the coupler in and out in order to prepare it for another attempt, we think there was enough to require submission and to sustain the verdict.

To the remaining assignments of error we have given careful consideration. As they relate to this particular trial and present no questions of general law, we resolve them against the plaintiff in error without discussion.

The judgment is affirmed.