## ST. LOUIS S. W. RY. CO. OF TEXAS v. HOSEY.   (No. 2648.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 8, 1922. Rehearing Denied Jan. 4, 1923.)

1. **Master and servant ☞89(1)—Switchman going between cars with defective coupling apparatus held within scope of employment.**

A switchman, injured by going between cars to uncouple them when the coupling apparatus failed, acted within the scope of his employment, though he was not required by the railroad's rules nor supposed to go between the cars, and could recover under section 2 of the federal Safety Appliance Act (U. S. Comp. St. § 8606), prohibiting the use of cars not equipped with automatic couplers, especially in view of U. S. Comp. St. §§ 8659, 8660, invalidating any contract, rule, regulation, or device intended to enable any common carrier to exempt itself from any liability created by the act.

2. **Master and servant ☞228(2)—Contributory negligence not available to railroad violating federal Act.**

That a switchman, going between cars to uncouple them when the coupling apparatus

failed to work, was guilty of negligence, which, concurring with the railroad's violation of section 2 of the federal Safety Appliance Act (U. S. Comp. St. § 8606), requiring automatic couplers, caused his injuries, *held* no defense, in view of U. S. Comp. St. § 8657, under which the railroad was liable, if the accident was caused in whole or in part by its violation of law.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by John Hosey against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, and Jones, Sexton & Jones, of Marshall, for appellee.

WILLSON, C. J.   November 19, 1920, appellee, while engaged in discharging duty he owed appellant as a switchman in its yards at Texarkana, fell from the ladder on a box car and thereby suffered injury to his person.

At the trial of this suit for damages, prosecuted by him against appellant, facts as follows were established without dispute in the testimony:

Appellant's yards in Texarkana are situated partly in this state and partly in Arkansas. Appellee was a switchman in said yards. At the time of the accident he and other members of a switching crew were engaged in switching cars to make up a train which was to go north out of Texarkana. An engine was pushing a string of 10 or 12 cars at a speed of 8 or 10 miles an hour, for the purpose of "kicking" the car farthest from the engine away from the others and to another track. To accomplish that purpose it was necessary that the car to be "kicked" should be uncoupled from the others while it was moving. It was appellee's duty to uncouple the car. In an effort to do that he ran by side of the car and sought to uncouple it by manipulating the lever which should have lifted the coupling pin. The connection between the lever and the coupling pin was broken, so the pin could not be lifted and the car uncoupled by using the lever. Thereupon appellee climbed upon a ladder on the end of the car to which the one to be "kicked" was coupled, and, holding to the ladder with one hand, reached over with the other and pulled the coupling pin. As the released car moved on, the engine pushing the other cars was brought to a standstill, stopping said other cars, including the one appellee was on. The stopping of the cars caused appellee to fall from the one he was on. When stopped, as stated, the string of cars was across the line between Texas and Arkansas, some of them being in Texas, and the others in Ar-

kansas. At the time of the accident appellant was a common carrier by railroad, engaged in commerce between this state and other states, and appellee, appellant admits in its brief, was then employed by it in such commerce.

On the theory that it conclusively appeared from the facts stated that the injury to appellee was due to the violation by appellant of the federal Safety Appliance Act, which declared it to be unlawful for a common carrier engaged in interstate commerce by railroad "to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars" (section 8606, U. S. Compiled Statutes), the trial court peremptorily instructed the jury to find in appellee's favor, and submitted to them only a question as to the amount he was entitled to recover as damages.

Appellant does not deny it so appeared it had violated the act referred to, but it insists, vigorously, that it was error to instruct the jury as stated, because, it says, there was testimony which would have warranted a finding that, in going between the cars to uncouple them as he did, appellee acted outside the scope of his employment, and hence was not its employee at the time he was injured, and because, it says, if he was then its employee, it did not appear from the testimony as a matter of law that the defect in the coupler was a proximate cause of the injury he suffered.

[1] The contention that a finding that the relation of master and servant theretofore existing between appellant and appellee ceased to exist when he went between the cars to uncouple them was warranted is based on testimony that appellant's "rules and regulations" did not require a switchman to go between cars to uncouple them when they could not be otherwise uncoupled, and testimony that a switchman was "not supposed to go between the cars" to uncouple them when the coupling apparatus was not working. It is not pretended that uncoupling the cars on the occasion when he was injured was not within the scope of appellee's duties. The argument is that appellant had a right, when it employed him, to define the "particular manner" in which he should discharge those duties, and that the testimony referred to showed that in exercising that right appellant did not make it appellee's duty to go between the cars to uncouple them, when he discovered they could not otherwise be uncoupled. The effect of so construing the act would be to defeat the object the Congress had in view in passing it, we think; and, moreover, we think provision against such a construction was made when Congress, after declaring that no employee should be held to have been guilty of contributory negligence, or to have assumed the risk of his employment, "in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee" (sections 8659, 8660, U. S. Comp. Stat.), further declared that "any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act, shall to that extent be void" (U. S. Comp. St. § 8661). There is little reason in the record to doubt, we think, if, having employed appellee to uncouple cars, appellant promulgated a rule relieving him of the duty when, because of its failure to comply with the requirement of the law, he could not uncouple them without going between them, that the purpose and intent of the rule was to exempt it from the liability it incurred by such failure.

[2] The contention that it did not appear from the testimony as a matter of law that the defect in the coupler was a proximate cause of the accident is on the theory that the testimony warranted a finding that appellee himself was guilty of negligence which was the sole proximate cause of the injury. But we think the most that can be said is that the testimony would have supported a finding that appellee was guilty of negligence which, concurring with appellant's violation of the law, caused the accident. As we have seen above, such negligence, if any, on his part, was not available to appellant as a defense against his suit, and was not a reason why the court should not have instructed the jury as he did. By the terms of the statutes applicable (section 8657, U. S. Comp. Stat.), as construed by the Federal Supreme Court, appellant was liable in damages to appellee if the accident was caused in whole or in part by its violation of law in permitting the car with the defective coupler to be used on its line of railway. Railway Co. v. Huxoll, 245 U. S. 535, 38 Sup. Ct. 187, 62 L. Ed. 455. It is clear from the record that the accident would not have happened, had appellant complied with the requirement of the law. As it would not, we think there could be no doubt its failure to comply with same was at least a contributing cause of the injury appellee suffered.

Another contention presented by the assignments is that the verdict and judgment for $15,000 are excessive in amount. We have considered the testimony in the record relevant to this issue, and are not prepared to say that the finding in appellee's favor for so great an amount was unwarranted.

The judgment is affirmed.