## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. POWELL. (No. 2736.)

(Court of Civil Appeals of Texas. Texarkana. May 2, 1923. Rehearing Denied May 17, 1923.)

**1. Master and servant ☞111(1½)—"Automatic couplers" required by statute.**

Under Safety Appliance Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 6710), requiring automatic couplers, a statute like the one enacted by Congress (U. S. Comp. St. art. 8606), the cars used by the railway company must be equipped with couplers which will couple automatically by impact without the necessity of any one going between the cars to adjust the couplers or for any purpose.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Automatic Couplers.]

**2. Master and servant ☞276(5) — Evidence held to show violation of Safety Appliance Act was proximate cause of brakeman's injury.**

In an action for injuries to a brakeman coupling cars, evidence that the cars twice failed to couple on impact and that plaintiff, while between the cars adjusting the defective device on one of them, was injured by movement of the other, held to warrant a finding that the violation of Safety Appliance Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 6710), was the proximate cause of plaintiff's injury, notwithstanding his contributory negligence as found by the jury, in view of the further jury finding that his negligence was not the sole cause of the injury.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Master and servant** ☞204(2), 228(2)—
Contributory negligence and assumption of
risk not available to defeat action under Safety Appliance Act.

Under Vernon's Salyes' Ann. Civ. St. 1914,
arts. 6649, 6650, contributory negligence and
assumption of risk on the part of an employee
injured while coupling cars having defective
coupling device, in violation of Safety Appliance
Act (article 6710), are not available to defeat
his action for injury.

4. **Appeal and error** ☞1068(3)—Where liability of defendant appears as matter of law,
erroneous definition of elements harmless.

In action for injuries to a brakeman incurred while coupling railroad cars, where the evidence showed a violation of Safety Appliance
Act (Vernon's Sayles' Ann. Civ. St. 1914, art.
6710), in that the couplers would not couple
without requiring some one to go between the
cars, it appeared as a matter of law that the
proximate cause of plaintiff's injury was a violation of the statute, and any error in defining
proximate cause was not prejudicial to defendant.

Appeal from District Court, Hunt County;
Newman Phillips, Judge.

Action by Wesley H. Powell against the
St. Louis Southwestern Railway Company
of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

December 15, 1920, appellee, a brakeman
on one of appellant's freight trains, had his
foot so mashed, in an effort to couple cars,
as to necessitate the amputation of his leg
just above the ankle. This suit by him for
damages resulted in a judgment in his favor.
The circumstances of the accident resulting
in the injury to appellee, it appeared from
testimony the jury had a right to believe,
were as follows: A car loaded with cotton
was to be moved from a spur track to another track in appellant's yard at Mt. Vernon. To accomplish that it was necessary to
couple another car to the cotton car. It was
appellee's duty to make the coupling. He adjusted the coupler on the cotton car and then
signaled the engineer to push the other car
against it. The cars failed to couple when
they came together. They moved apart, and
appellee signaled the engineer to push the
other car back. The engineer did so, but the
cars again failed to couple when they came
together. When they again moved apart (a
distance of about four feet) appellee went
between them to ascertain why they failed to
couple, and discovered that the lock block of
the coupler on the cotton car had become disconnected from the list rod or lever. As,
therefore, the block could not be raised by
the lever, and the coupling could not be made
until it was raised and adjusted, it was necessary for appellee to go between the cars
and lift and adjust the block with his hands.
He did that, and had placed his foot against
the coupler to shove it to the position he
thought it should occupy when the other car
moved back against the cotton car. At the
instant of the impact between the cars appellee's foot slipped from the coupler on the
cotton car and was caught between it and
the coupler on the other car. Appellee testified he did not signal the engineer to push the
other car back, and what caused it to move
back was not clear in the testimony. The
jury found on special issues submitted to
them: (1) That the cars appellee undertook
to couple were not "equipped with couplers
coupling automatically by impact and which
could be coupled without the necessity of a
man going between them"; (2) that the failure of appellant to have them so equipped
was the proximate cause of the injury appellee suffered; (3) that appellee was "guilty
of negligence in going between the cars and
undertaking to shove the coupler with his
foot at the time and in the way he did"; (4)
that his negligence did not "proximately
cause," but did "contribute to cause," the injury he suffered; and (5) that appellee was
damaged in the sum of $15,000. The jury
made other findings which are regarded as of
no importance in disposing of the appeal.

B. F. Crosby, of Greenville, for appellant.
Evans & McCoy, of Greenville, L. Dillard
Estes, of Commerce, and Chas. L. Black, of
Austin, for appellee.

WILLSON, C. J. (after stating the facts as
above). By the terms of the "safety appliance" statute applicable (article 6710, Vernon's Statutes), it was unlawful for appellant—

"to haul or permit to be hauled or used on its
line of railroad within the state of Texas, any
locomotive, tender, car or similar vehicle employed in moving intrastate traffic within the
said state which is not equipped with couplers,
coupling automatically by impact, and which can
be coupled and uncoupled without the necessity
of men going between the ends of locomotives,
tenders, cars and similar vehicles."

[1] As we understand the testimony it was
amply sufficient to support the finding of the
jury that the cars were not equipped with
couplers which could be coupled without the
necessity of any one going between them.
That finding showed that appellant had violated the statute, unless it should be construed, as appellant insists it should be, as requiring no more of it than that the cars should be
equipped with couplers which would couple
automatically by impact after the couplers
had been properly adjusted by some one going between the cars for that purpose. It is
settled, we think, contrary to the contention
of appellant, that the statute, like the one
enacted by Congress (article 8606, U. S.
Comp. Stat.), means what its language imports, to wit, that cars used by a railway
company must be equipped with couplers
which will couple automatically by impact

without the necessity of any one going between them to adjust the couplers or for any purpose. Ry. Co. v. Wagner (Tex. Civ. App.) 166 S. W. 24; Ry. Co. v. Wagner, 241 U. S. 476, 36 Sup. Ct. 626, 60 L. Ed. 1110; Ry. Co. v. Voelker, 129 Fed. 522, 65 C. C. A. 226, 70 L. R. A. 264.

[2] The finding that the violation by appellant of the statute was a proximate cause of the injury to appellee was abundantly supported by testimony. Appellant's insistence to the contrary seems to be predicated upon the erroneous view that it appeared that appellee himself was guilty of negligence in placing his foot against the coupler on the cotton car, which was the sole cause of the injury he suffered. He may have been negligent in the respect stated, as the jury found he was, but certainly, if he was, his negligence, as the jury further found, was not the sole cause of the accident. If it should be said that his foot would not have been caught between the couplers and mashed if he had not undertaken to shove the coupler as he did, it should also be said that there would have been no occasion for him to have used his foot in shoving the coupler, and presumably he would not have done so, had the couplers on the cars been such as the law required appellants to have on them. Freeman v. Swan (Tex. Civ. App.) 143 S. W. 724; Lancaster v. Fitch (Tex. Sup.) 246 S. W. 1015; Ry. Co. v. Hosey (Tex. Civ. App.) 247 S. W. 327; York v. Ry. Co., 86 Ark. 244, 110 S. W. 803.

[3] That appellee was guilty of negligence which, concurring with appellant's violation of the law, caused the accident, was not available to the latter as a defense against the consequence to the former of its violation of the statute. Article 6649, Vernon's Statutes. Nor was the defense of "assumed risk" available to it. Article 6650, Vernon's Statutes. Hence it is not necessary to determine contentions of appellant based upon testimony showing, it asserts, that in going between the cars and shoving the coupler as he did appellee violated rules it had promulgated and which it was his duty to observe.

[4] In his charge to the jury the trial court defined "proximate cause" as meaning "that which naturally produces the injury complained of and without which it would not have occurred." Appellant did not object to the instruction at the time it was given, but insists here that it was erroneous, and complains of the refusal of the court to give to the jury a charge it requested defining the term. The instruction given was not affirmatively erroneous (Ry. Co. v. Heard, [Tex. Civ. App.] 91 S. W. 371); but if it was we think the error in giving it would not require a reversal of the judgment; for, it being established, as determined by the jury, that the couplers would not couple by impact without the necessity of any one going between the cars to adjust them, we think it appeared as a matter of law, there being no testimony suggesting it may not have been, that appellant's violation of the statute was a proximate cause of the injury to appellee. Ry. Co. v. Drake (C. C. A.) 276 Fed. 393; Ry. Co. v. Hosey (Tex. Civ. App.) 247 S. W. 327.

Other contentions presented in appellant's brief and not disposed of by what has been said are also overruled.

There is no error in the judgment, and it is affirmed.

### On Appellant's Motion for Rehearing.

Appellant insists that its contention that the defect in the couplers was not a proximate cause of the accident was not based alone on the view that negligence on the part of appellee was the sole cause thereof, but also on the view that at the time the accident occurred appellee, having adjusted the couplers, was "engaged in an entirely distinct and different undertaking, to wit, that of lining up the drawbar, and that his injuries were due to the fact that he lined up the drawbar with his foot while the cars were in motion"; and insists further that this court did not determine its contention so far as it was predicated on the latter view. We were of the opinion, and are yet, that "drawbars," as was said by the Illinois Supreme Court, "are a part of the coupling device" (Davis v. Ry. Co., 294 Ill. 355, 128 N. E. 539), and therefore, if it was necessary to go between the cars to "line up" drawbars of the cars in question before the couplers would couple automatically by impact, that the contention was not tenable (Alabama & V. R. Co. v. Dennis, 128 Miss. 298, 91 South. 4).

The motion is overruled.